### MARY GRIFFIN vs. THOMAS CLARK and others.

Where premises owned by two persons are let by them jointly, to a tenant, re-
serving rent to both, and subsequently one of them becomes the sole owner
of the property and of the rents, by purchase of the other's interest, he
may demand the whole rent, and upon refusal to pay, may dispossess the
tenant, by proceedings in his own name, under the statute relative to sum-
mary proceedings to recover the possession of land.

Where the demise is by joint owners, either may demand the whole rent, and
commence the proceedings for possession in the name of both.

CERTIORARI to W. H. Van Cott, Esq., justice of the dis-
trict court of the city of New York, for the fourth judicial
district, to remove proceedings had before him for the removal
of the defendants from premises, under the statute relative to
summary proceedings to recover the possession of land.  On
February 8th, 1853, Mary Griffin, as executrix of the will of
Francis Griffin, deceased, and Benjamin Stephens, as exec-
utor of the will of John L. Stephens, deceased, by an agree-
ment in writing, leased certain premises in the city of New
York to Daniel W. Whitney, for the term of twenty-one
years from May 1, 1852, at the yearly rent of $97.20, pay-
able semi-annually, on the first days of May and November
in each year, which lease was assigned by Whitney to Thomas
Clark, April 29, 1854.  At the time said lease was made,
Mary Griffin was the owner in fee of three-fourths of said
premises, as the devisee of the will of Francis Griffin, and
Benjamin Stephens was the owner in fee of the other one-
fourth, as devisee of the will of John L. Stephens.  Benjamin
Stephens died intestate in or about May, 1856, and his heirs
at law conveyed to Mary Griffin, by deed dated March 30,
1859, the undivided one-fourth of said premises, and at the
same time, by a separate instrument, assigned to her all their
interest in the lease aforesaid, from May 1, 1859, and on
January 6, 1860, they also assigned to her, by an instrument
in writing, all their right, title and interest in the ground
rents in arrears, which accrued up to May 1, 1859, upon the
said lease.  On January 13, 1860, a demand in writing was

served on Thomas Clark, on behalf of Mary Griffin, requiring the payment of $486 for the rent of said premises from November 1, 1854, to November 1, 1859, with the interest thereon, on or before January 17, 1860, or the possession of the premises. Said demand not being complied with, summary proceedings were instituted before Justice Van Cott, of the fourth district court, to recover the possession of the premises, which resulted in a judgment for Mary Griffin, and a warrant was issued by said justice to put her into full possession thereof.

*James C. Bolton,* for the plaintiffs in error.

*A. J. Vanderpoel,* for the defendant in error.

*By the Court,* INGRAHAM, J. The defendants appeal from an order of the district justice giving to the plaintiff possession of premises under the statute relating to summary proceedings. Mary Griffin was the owner of all the premises at the time of these proceedings. When the rent first accrued, she owned three-fourths of the premises and Benjamin Stephens one-fourth. Part of the rent which was in arrears belonged to the estate of Benjamin Stephens and was assigned by the representatives of Stephens to her, before commencing the proceeding for possession. Mrs. Griffin demanded the whole rent, and on refusal to pay, by the tenant, obtained the order of dispossession against the tenant.

1. The only party who could commence these proceedings was the plaintiff. At the time of commencing them she was the owner of the whole estate in the premises. The heirs of Stephens had ceased to be landlords, by conveyance to Mrs. Griffin. If she could not conduct the proceedings as sole landlord, no other person could be joined with her, because no one else had any title to the premises. The statute directs the proceedings to be taken by the landlord, and no person but the one entitled to the possession can obtain the final order from the justice.

2. It is objected that the demand for this rent was for more than the plaintiff had a right to claim, both as to the share which belonged to Stephens, and because interest was also required. As to the latter, it is sufficient to say that no interest was demanded. Although the notice stated the amount of rent, and the amount of interest thereon, yet the demand was only for the rent, and not for the interest. This objection therefore is of no avail.

3. The remaining question is whether the plaintiff could demand the whole rent, and take these proceedings. The tenancy was not denied, before the justice. The tenant admitted that the plaintiff was the owner of all the premises at the commencement of the proceedings. It appeared that the original letting was by the plaintiff and Stephens, as joint owners. Where the letting was joint, there can be no division of the rent, as far as the tenant is concerned. A demand of the rent may be by either, and must be of the whole rent, and not of any undivided portion. If Stephens had continued the owner it would have been necessary to have joined him as a landlord, but as his interest had vested in Mrs. Griffin and she was the sole owner, he could not have been so joined, even if he was living.

The demand by her for the whole rent was good, because any joint owner of land can demand the whole rent from the tenant, and a payment to one joint owner is good as to the others, and will protect the tenant. A demand of a share of the rent would not be sufficient to maintain the proceedings. Besides; the whole title to the rent had vested in Mrs. Griffin by transfer from the representatives of Stephens. When she made such demand, it was for herself and to her use, and there was no other person who had any interest either in the rent or the demised premises.

I can see no ground of objection to the proceedings.

Judgment should be rendered for the respondent with costs.

[NEW YORK GENERAL TERM, September 17, 1860, *Sutherland, Ingraham* and *Bonney,* Justices.]