ADAM W. SMITH, Appellant, *v.* THE CITY OF ALBANY, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1872.)

The rule is well settled that no recovery can be had upon a contract entered into in contravention of the terms and policy of a statute.

Accordingly the statute (Sess. Laws 1843, chap. 57, §§ 1, 2, 3), enacting that "it shall not be lawful for a member of the common council of any city in this State * * * to become a contractor under any contract authorized by the common council, &c., * * * of which he is a member, or be in any manner interested directly or indirectly, either as principal or surety, in such contract," and providing that "contracts in violation of the above provisions may be declared void at the instance of the city * * * or of any other party interested in such contract."

Smith *v.* City of Albany.

*Held,* that plaintiff, a livery-stable keeper, could not recover from the defendant for carriages, &c., furnished by him while an alderman of the city, upon the order of a committee appointed by the common council to make arrangements for the celebration of the Fourth of July.

The defendants might either bring an action to have the contract declared void, or set up its invalidity in an action brought to recover upon it.

THIS is an appeal from a judgment rendered in favor of the defendant on the report of a referee.

On the 7th of June, 1869, the common council of the defendant passed a resolution appointing a committee of five to make the necessary arrangements for celebrating the Fourth of July, and on the 24th of June appropriated $2,500 to pay the expenses.

One member of the committee failed to attend and take part in its proceedings, although all were notified of its meetings.

The plaintiff kept a livery stable, and, at the request of the committee, furnished the horses and carriages used in celebrating the Fourth of July, and in making the necessary arrangements for the celebration, and their hire was reasonably worth the sum of $139.

The carriages were ordered, supplied and used before the $2,500 appropriated had been expended; but the defendant's chamberlain had paid out the amount of $2,500 for expenses incurred in the celebration before the plaintiff's bill was presented.

The defendant has all the powers conferred under the Dongan charter and the act of April 12, 1842.

The plaintiff was, at the time, an alderman and a member of the common council of the defendant, and upon that ground judgment was given for the defendant.

Demand of payment was made of the chamberlain before suit brought.    The referee reported in favor of the defendant. Exceptions were duly made to the report.    Judgment was entered on the referee's report and the plaintiff appealed.

*Amasa J. Parker,* for appellant.

*N. C. Moak,* for respondent.

Present—MILLER, P. J., P. POTTER and PARKER, JJ.

By the Court—MILLER, P. J.   Assuming that the common council had power to make an appropriation for the purpose of celebrating the anniversary of our national independence, which I am inclined to think-was authorized by the charter of the city of Albany, the question to be determined is whether the claim of the plaintiff was in violation of the statute which provides that "*it shall not be lawful* for a member of the common council of any city in this State" * * * "to become a contractor under any contract authorized by the common council," &c., * * * "of which he is a member, or be in any manner interested directly or indirectly, either as principal or surety, in such contract." (Sess. Laws of 1843, chap. 57, p. 36, § 1; 3 R. S., 303.)   The third section of the same act provides that "contracts in violation of the first and second sections of this act may be declared void at the instance of the city," &c., * * * "or of any other party interested in such contract except the officers mentioned and prohibited," &c.   The first section cited is broad and comprehensive in its terms, and as it expressly *prohibits* any contract by any member of the common council, I am at a loss to see how this action can be maintained.   It is not restricted to any class of contracts, such as grading streets or the erection of public buildings; but, upon a fair interpretation, includes all contracts which may be made, and which may have any relation to the corporation of which the contractor is an officer.   While, perhaps, it may not be unlawful for an officer named in the statute to perform labor by the day under a contractor, or even to furnish his teams for that purpose, yet when the officer undertakes to perform a contract or furnish the means or materials for such purpose, he comes within the meaning of the statute, and the evil intended to be remedied which was to prevent officers from obtaining pay for services rendered beyond their actual value, and thereby to be influenced in their official action.   The rule is well settled that no recovery can be had upon a con-

tract entered into in contravention of the terms and policy of a statute, and the parties cannot invoke the aid of the courts to enforce an unlawful agreement. (See *Bell* v. *Quin*, 2 Sandf., 146; *Cowen* v. *The Village of West Troy*, 33 Barb., 48; *Donovan* v. *The Mayor*, 33 N. Y., 294.) The law prohibiting public officials from being contractors or participating in contracts connected with the municipality or body which they represent is founded upon grounds of public policy and sound morals, and was designed to preserve purity, integrity and economy in the administration of public affairs. Persons who occupy positions of public trust should, so far as practicable, be removed from all suspicion of encouraging wasteful and unnecessary expenditures, and it is not to be supposed that such will always be the case where a party has an interest in a contract made with a public body.

It is insisted that if the statute was violated, the third section provides that it may be declared void "at the instance of the city," and that this can only be done by an action brought for that specific purpose.

The rule invoked by the plaintiff's counsel is, that where a new offence is created by a statute and a penalty is given for it, or a new right is given, or specific relief is given for the violation of such right, the punishment and remedy is confined to that given by statute. (Sedg. on Stat. Construc., 94, and authorities cited.) The cases which are cited to sustain the position taken are actions brought for affirmative relief, which was not provided for by the statutes, under which the right was claimed. In *Smith* v. *Lockwood* (13 Barb., 209), the action was brought for an injunction to restrain the manufacture of saws in the State prison at Sing Sing within statutory limits, and it was held that an infraction of the statute was a wrong to the public, for which the people in their collective capacity alone are entitled to redress, unless the parties aggrieved have sustained special damages peculiar to themselves, and not in common with others. This was in accordance with the general principle that where a new right or means of acquiring it is conferred

and the adequate remedy for its invasion was given by the same statute, parties injured are confined to the statutory redress. In *Dudley* v. *Mahew* (3 Comst., 9), it was decided that the courts of this State have no jurisdiction to entertain a suit instituted to restrain the infringement of a patent right; that the right of the inventor was statutory, and the statute providing an adequate remedy for protecting it, the proprietor of the right was confined to that remedy. *Calkins* v. *Baldwin* (4 Wend., 667) was an action for flowing the lands of the defendant by means of a dam on the Seneca river, and it was held that as the dam was erected by virtue of the act of the legislature for the improvement of the navigation of the river, which act provided for compensation for damages, the party injured must seek his remedy in the mode pointed out by statute, and could not bring an action of law.

In the cases cited the parties sought relief which was otherwise provided for, and in none of them did the question arise whether an express prohibition of law against a particular act precluded a recovery. The statute in question says " it shall not be lawful," &c., thus prohibiting the act; and can it be claimed that an unlawful contract, made in violation of the statute, can be enforced in an action at law because no action is brought to set it aside? A defence asking for affirmative relief by canceling the contract, I think, would clearly be available; and while the rule referred to precludes a recovery by an injured party, except it be in accordance with the statute, it does not interfere with or apply to a defence interposed to an action brought to enforce a contract which is prohibited by law.

In *Foster* v. *Taylor* (5 Barn. & Adolph., 887), it was held that where a statute prohibited the sale of butter not marked, and provided a penalty for so doing, that a buyer might set up a violation of the statute as a defence to an action for the purchase-price.

LITTLEDALE, J., after quoting from Lord MANSFIELD, " that where new-created offences are only prohibited by the general prohibitory clause of an act of parliament an indict-

ment will lie, but where there is a prohibitory particular clause specifying particular remedies, then such particular remedy must be pursued, for otherwise the defendant would be liable to a double prosecution, one upon the general prohibition, and the other upon the particular specific remedy," proceeds to say : " The same limited rule, however, does not seem to have been adopted in civil actions, so as to confine the proceedings against the party offending to the penalty," &c. This case is directly in point.

As the contract was unlawful and void, the defendant had the right either to bring an action to have it so declared or to set up its invalidity in an action brought to recover by virtue of it.

There are no other questions in the case which require discussion, and although the services were actually rendered and there is nothing to show that the plaintiff has made any other than a just claim, yet under the defence interposed he cannot recover.

The judgment must, therefore, be affirmed with costs.

Judgment affirmed.