PEOPLE *ex rel.* GRISSLER *et al.* v. STUYVESANT *et al.*

*Landlord and tenant — mortgage upon lease — dispossessing tenant — sale of lease under foreclosure — apportioning rent — Interest on rent.*

S., in 1867, leased certain premises in New York city to B. & M. for ten years. In 1868, as security for a loan, B. & M. mortgaged the lease to S. In 1869, S. dispossessed B. & M. for non-payment of rent. A few months after this he foreclosed the mortgage for non-payment of interest. At the mortgage sale, the unexpired term of the lease was sold to G., who took a conveyance thereof. In proceedings to dispossess G. for non-payment of rent due. *Held,* (1) that after B. & M. had been dispossessed, there still remained in them the statutory right of redemption under the lease to them which S., as the holder of a mortgage upon such lease, had a right to foreclose; (2) that S., by selling and conveying under the foreclosure the unexpired term of the lease to G., waived any forfeiture previously made by B. & M., and (3), that G. did not take the lease free from the covenant to pay rent, but was liable to dispossession for non-payment of rent accruing subsequent to the sale.

The premises in question consisted of four buildings. Two of these S. owned in fee and two as lessee. S. died, and by his will, gave those in fee to his heir, and those held by lease to his executor. *Held,* that S. did not, by so doing, apportion the rent, but as to the tenant G. it remained an entirety.

With the demand for rent before instituting proceedings for dispossession, interest was asked. *Held,* proper.

CERTIORARI to review summary proceedings. The relators, Gotlieb · Grissler and another, seek to reverse the decision of Justice FOWLER, made in summary proceedings had before him, in which judgment was rendered for the landlord against the relators, upon which they paid the rent of the premises before warrant of dispossession was issued. The facts of the case are as follows: On July 30, 1867, Joseph R. Stuyvesant made a lease of four houses on Third avenue, New York, for the term of ten years from the 1st day of May, 1868, at the annual rent of $6,000, to Browning and Moore, who covenanted to pay the rent. On the 4th of August, 1868, Browning and Moore mortgaged this lease and a lease of other property to said Stuyvesant for $20,000 and interest. Upon failure to pay the interest, Stuyvesant foreclosed the mortgage by action in the superior court, and under a decree in that action, the sheriff sold the unexpired term of the lease to the relators, Grissler and Fausel, who went into possession of the premises October 11, 1869, under the sheriff's deed. Dispossession proceedings were

commenced against the relators, who claimed to hold the property under the sheriff's deed, freed from any of the covenants to pay rent, and claimed further, that Stuyvesant had terminated these covenants by entering upon the premises as mortgagee prior to the sale. Upon the trial it was proved by the relator's testimony that Stuyvesant entered under a dispossession warrant. A jury trial was demanded, and the jury delivered their verdict to the justice who rendered judgment in favor of the landlord. The relators brought a certiorari to this court seeking to reverse the same, but the general term affirmed the judgment.

At the December, 1873, general term, the relators applied for leave to go to the court of appeals, which application was denied on the merits. On March 13, 1873, Joseph R. Stuyvesant died, continuing to be the landlord of the premises. By his will he appointed the respondent, Catlin, his executor, and devised all his real estate to his son, the respondent, Nicholas W. Stuyvesant. Before the testator's death Nicholas had become insane, and on the 24th of April, 1873, on a commission *de lunatico inquirendo*, the respondent Dudley was appointed his committee. Dudley demanded rent under the lease for the quarter terminating May 1, August 1, and November 1, 1873, with interest, on behalf of himself and of the executor. The relators refused to pay, and the dispossession proceedings, here under review, were commenced. Of the premises occupied by the relators, Nos. 158 and 160, Third avenue, were owned by Stuyvesant in fee, and in Nos. 152 and 154 he had only a leasehold interest.

*John J. Townsend*, for relators. The landlord having entered into actual possession under the mortgage and received the rents, all liability of Browning & Moore was extinguished, and has never been revived. Cruise's Dig. tit. 28; id. 3, § 4; Gilbert on Rents, 149; *Astor* v. *Hoyt*, 5 Wend. 617. The respondent can assert his claim to compensation in other ways. Stuyvesant refused to acknowledge the relators as tenants. *Stuyvesant* v. *Grissler*, 12 Abb. N. S. 15. The obligation of the relators is not conventional, but by operation of law, and this statute should not be availed of. Ch. 741, Laws 1870, is unconstitutional as a local act (*Huber* v. *People*, 49 N. Y. 132; *People* v. *Supervisors of Chautauqua*, 43 id. 10), and the district justice had no jurisdiction herein. Stuyvesant apportioned the rent, and, without the concurrence of the tenant, a settlement

of the apportionment can only be made by a jury. Woodf. L. & T. 361; *Nellis* v. *Lathrop*, 22 Wend. 121; *Oakley* v. *Schoonmaker*, 15 id. 226; Cro. Eliz. 606, 622, 851; *Bliss* v. *Collins*, 4 Mad. 235; *Bliss* v. *Collins*, 5 B. & Ald. 876. As the reversion was severed, the respondents cannot claim jointly, or severally, until the portion of rent chargeable to each portion has been settled. They have no right of re-entry. *Twynam* v. *Pickard*, 2 B. & Ald. 112; *Simpson* v. *Rhinelanders*, 20 Wend. 103. The act of 1820 applies to cases where the tenant holds over without permission after default.

*George V. N. Baldwin*, for respondents, cited *Stuyvesant* v. *Grissler*, 12 Abb. N. S. and decision at general term, *supra*. The demand for interest was proper. *Griffin* v. *Clark*, 33 Barb. 46. Unity of right of possession is all that is required to sustain this proceeding. *Putnam* v. *Ritchie*, 6 Paige, 390. No apportionment was necessary.

LAWRENCE, J. In the case of these relators against Joseph R. Stuyvesant, which involved the same lease, now under consideration, it was held by this court (Justice LEARNED delivering the opinion*) that when Joseph R. Stuyvesant secured in his judgment

---

*NOTE. — The following is the opinion of Mr. Justice LEARNED, referred to, delivered at the general term, First Department, January, 1873:

LEARNED, J. The important question in this case is as to the position which the relators hold to the defendant.

In 1867 Stuyvesant leased for ten years to Browning & Moore, certain premises in New York for the rent of $6,000 per annum. In 1868, Browning & Moore executed to Stuyvesant a mortgage on this leased property and other property for $20,000 and interest. In April, 1869, Stuyvesant went into possession under a dispossession warrant. The effect of this, under some circumstances, would be to terminate the lease. But the statute provides (Laws 1849, chap. 240, § 1), that if the unexpired term exceeds five years, the lessee may redeem within one year.

There remained, therefore, in Browning & Moore a right to redeem their lease by paying the rent in arrear and the costs and charges. Thereupon the mortgagee, Stuyvesant, proceeded to foreclose the mortgage. This course seems to have been proper in order to collect the amount due on the mortgage. And there was something to be foreclosed, because the mortgagors, being the lessees, held this statutory right of redemption. This foreclosure was in some respects unwisely conducted. The description of the property in the complaint and other proceedings might lead one to think that the mortgage had conveyed a fee. But the relators were parties to the foreclosure and set up in their answer the fact of the lease by Stuyvesant to Browning & Moore. They knew therefore what the interests were which Browning & Moore had mortgaged, and which Stuyvesant was foreclosing. The foreclosure proceeded to a judgment and sale, and on that sale the relators, Grissler & Fausel, purchased and accepted the deed executed under the judgment, October 11, 1869. Under that deed they went into possession. That deed in form conveys the premises, with the leases unexpired

of foreclosure the payment of the rents, for the non-payment of which he had entered, and when he sold — as being still in force — the lease granted by him to Browning & Moore, he (Stuyvesant) waived any forfeiture which had taken place under the lease. Also, that the relators purchasing under such circumstances became, in effect, the assignees of the lease, unaffected by the previous entry of Stuyvesant.

We see no reason to doubt that this view of the relation between Stuyvesant and the relators is correct, and therefore concur in the opinion delivered in that case.

· The relators then being in possession of the demised premises, as assignees of the lease, the position that they are not liable, by force of the covenant, to pay rent contained in the lease, and that the conventional relation of landlord and tenant did not exist between them and Joseph R. Stuyvesant, is not tenable. *People* v. *Stuyves-*

---

of Browning & Moore, "to have and to hold for the unexpired term of said leases." It is plain, therefore, that this deed conveyed to the purchasers the leases unexpired executed by Stuyvesant to Browning & Moore. Or, since we have seen that there probably remained of that lease prior to the foreclosure, only the statutory right of redemption, this deed conveyed that right. The judgment, however, under which the deed was executed, provided that out of the avails of the sale there should be first deducted the rents due by Browning & Moore on the lease before the payment to the plaintiff of the amount due on his mortgage. By this Stuyvesant in effect provided, that the statutory right of redemption should be exercised, so that any purchaser at the foreclosure sale should obtain the benefit of the lease executed by Stuyvesant to Browning & Moore, free from any previous forfeiture. The amount paid on the sale under foreclosure was $30,000, and as the lease, at the time of the aforesaid re-entry, had run only two years, the money received on the sale must have been enough to pay the rent then in arrear. As Stuyvesant was both mortgagee and also landlord, this foreclosure sale describing the lease as existing with the provision in the judgment for redemption from any previous forfeiture, must be held to have conveyed to Griss-ler & Fausel the lease for the unexpired term. By accepting the deed they became practically the assignees of Browning & Moore, and tenants of Stuyvesant under his lease. This was the view taken in another litigation between these same parties. *Stuyvesant* v. *Grissler*, 12 Abb. N. S. 6. No question would probably have arisen on this point if it had not been stated that Stuyvesant, previous to the foreclosure, had taken possession under a dispossession warrant. But when he subsequently received in his judgment of foreclosure the payment of the rent for non-payment of which he had entered, and when he sold as being still in force the lease executed to him by Browning & Moore, he waived any forfeiture which had taken place, and the relators, purchasing under these circumstances, became in effect the assignees of the lease, un-affected by the previous entry. This then disposes of the principal question in tho case.

It is objected that the provisions in chap. 741, Laws of 1870, by which proceedings for dispossession may be had before any justice of the district is "local," and therefore unconstitutional under sec. 16, art. 3. The decision in *Huber* v. *People*, 49 N. Y. 132, on which this objection mainly rests, held, that the tax levy bill was a local act. It cannot, however, be claimed that chap. 791 of the Laws of 1870, being an act amendatory of the Code of Procedure, is itself a local act. The objection is that the particular provis-ion in that act is local. But taking the definition of that word from *People* v. *Super-*

People ex rel. Grissler v. Stuyvesant.

*ant,* opinion by LEARNED, J.; see also *Stuyvesant* v. *Grissler,* 12 Abb. N. S. 6.

Nor can it be maintained that Joseph R. Stuyvesant, by the terms of his will, apportioned the rent, in the sense claimed by the relators' counsel, between his son and his executor, by devising to the former the lots Nos. 158 and 160 Third avenue, and bequeathing to the latter the leasehold interest in the lots Nos. 152 and 154 Third avenue. The rent remained an entirety and unapportioned so far as the tenants were concerned. The fact that it was to be divided or distributed, after payment between the heir at law and executor· of Stuyvesant, was · a matter which in no way affected or interfered with the rights of the relators. The whole of the rent was due from the tenants, and the whole of the rent was due to the respondents as joint owners thereof. The tenants had no interest in the apportionment to be made between the owners of the lots in which Stuyvesant held a leasehold

---

*visors of Chautauqua,* 43 N. Y. 21, a "local" act is one "which in its subjects relates but to a portion of the people of the State or to their property." Now this provision is not limited to any portion of the people. Any one who has occasion to do so may avail himself of the jurisdiction conferred. The Code and the several amendments thereto, in many places contain clauses relative to tribunals whose jurisdiction does not extend throughout the State. Title V is one instance. These clauses are not, for that reason, unconstitutional.

A further objection is taken that the affidavit on which the proceedings were commenced is insufficient. But it alleges the making of the lease, the length of the term, the rent, the assignment of the lease to the relators, their occupation, the non-payment of rent, the demand and notice. These allegations seem to be all that is necessary.

Another question is as to the regularity of the jury. The justice under the statute nominated twelve. It appeared that they had not been properly summoned. He then nominated twelve others. Only eight attended. Six of those were drawn to compose the jury. It appears by *Roach* v. *Corsine,* 9 Wend. 231, that it was proper to issue a new venire, and there is nothing in the statute which affirmatively requires that the names of all who were summoned shall be placed in the box. It would be useless to place names in the box of persons who had from any cause failed to attend.

The notice requiring the payment of rent was not irregular for stating the amount of interest owing upon the rent. The payment required was expressly of the "rent," and the case of *Griffin* v. *Clark,* 33 Barb. 46, is conclusive on this point.

The relators in this case being, as we hold, the tenants of Stuyvesant and owing him as rent for the premises the amount claimed, have suffered no injury. They have not been removed from the premises, but have prevented any such removal by the payment of the rent which they owed. If there had been any irregularity therefore in the proceedings, the only injury occasioned to the relators by these proceedings would be the costs which they have paid. As to the rent, that they ought to have paid without compulsory proceedings.

The proceedings before the justice should be affirmed, with costs.

BRADY, J., concurred.

*Proceedings affirmed.*

interest and those which he owned in fee. Their duty was to pay the rent when it fell due, and not to concern themselves with its distribution after payment.

We see no impropriety in Mr. Dudley's making a demand of the rent for the whole of the demised premises. He was authorized by the executor, Mr. Catlin, to act for him and to take all necessary measures to collect the rent. He was authorized, as the committee of Nicholas W. Stuyvesant, to act for Stuyvesant.

The statute relating to "summary proceedings" does not require that the demand should be made by the actual owner of the rent. It may be made by an agent duly authorized, as Dudley was in this case.

Again, all that the statute requires to give the justice before whom the proceedings are brought jurisdiction is that the landlord or lessor, or his legal representatives, agents or assigns, shall make oath in writing of the facts, which under the provisions of the statute authorize the removal of the tenant.

In this case Dudley was the legal representative of the deceased landlord, as respected the two lots owned in fee, by the terms of the will devising these lots to Nicholas W. Stuyvesant, for whom Dudley was the committee; and as respected the two lots in which the landlord held a leasehold interest, he stood as the agent of the legal representative, Catlin, by virtue of the authority delegated to or conferred upon him by Catlin.

We are also of the opinion that the demand for interest on the rent was proper. *Griffin* v. *Clark*, 33 Barb. 46.

On the whole case we are satisfied that there was no error in the proceedings before the justice, and the decision below is therefore affirmed with costs.

DAVIS, P.J., and DANIELS, J., concurred.

*Proceedings and decision affirmed.*