(158 App. Div. 201.)

### ANDERSON v. DODGE.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. PARENT AND CHILD (§ 8*)—CHILD'S ESTATE—LEASE BY FATHER.
    Under Domestic Relations Law (Consol. Laws 1909, c. 14) § 80, providing that, as to a minor for whom no general guardian has been appointed, the guardianship of his property, with the rights, powers, and duties of a guardian in socage, belongs (1) to the father, and (2) if there be no father, to the mother, the father, as guardian for the son, had the right to lease the property of such ward.
    [Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 100–110; Dec. Dig. § 8.*]

2. TENANCY IN COMMON (§ 49*)—RENTS AND PROFITS.
    Where a minor son was a tenant in common with his mother of property, and the father, as guardian of the son, leased the property, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

father being in the position of tenant in common with the mother, payment of the rent of the whole property to him protected the tenant.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 123; Dec. Dig. § 49.*]

Kellogg, J., dissenting.

Appeal from Sullivan County Court.

Action by Adelaide M. Anderson against Walter L. Dodge. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

See, also, 156 App. Div. 880, 140 N. Y. Supp. 1108.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John D. Lyons, of Monticello, for appellant.

Ellsworth Baker, of Hurleyville, for respondent.

WOODWARD, J. The complaint alleges that the plaintiff and her infant son are owners in common of a house and lot in Callicoon, in the town of Delaware, Sullivan county, N. Y.; that the house is a double tenement house, and that the defendant occupied one-half of such house from the 1st day of August, 1910, to the 1st day of October, 1911, as a tenant, a period of 14 months, and that during such time he has not paid any rent to the owners of said premises; that the value of the use and occupation of that portion of the house occupied by said defendant was fairly worth the sum of $13 per month, and that at different times during said period the said defendant promised and agreed to pay to this plaintiff, for herself and child, Frank M. Anderson, said rent; that the plaintiff has served written notice on the defendant that she claimed and demanded said rent, and the said defendant has not disputed her claim thereto; that the said infant child of this plaintiff is an infant of the age of less than 14 years; that he has no general guardian, but is under the care and control of the plaintiff as his natural guardian, and she, as such natural guardian, has the care and control of his property interests; and that by reason of such facts the defendant is justly indebted to this plaintiff in the sum of $182, etc.

The answer admits his residence in the county of Sullivan, and denies on information and belief the other allegations of the complaint, and sets up some allegations to the effect that the premises were claimed to be owned by the plaintiff's husband, and that the defendant made payment to him for the rent, and denies that he (the defendant) ever recognized the title or ownership of the plaintiff, or ever promised or agreed to pay her any rent therefor, and alleges that no contractual relations ever existed between the plaintiff and defendant. As a separate defense it is urged that there is a misjoinder of parties plaintiff, in that one Frank M. Anderson claims to be and now is joint owner of said premises with the plaintiff, so far as the plaintiff may own the same, and has equal rights therein with the plaintiff, and has not been joined either as a party plaintiff or defendant hereto.

It was established on the trial of the action, or at least there was evidence from which the jury might properly so determine, that the

defendant entered into an agreement for the rent of the premises with the plaintiff's husband, and there does not appear to be any question that the defendant has paid rent to him for all the time that he occupied the house. It seems that the husband claimed title to the property, and that the defendant, having bargained with the husband, continued to pay rent to him, with an understanding that Anderson would adjust matters, if he did not succeed in his effort to maintain his title to the premises. The defendant appears to have entered into possession under his lease from the husband, and the jury has evidently found that there was never any relation of landlord and tenant existing between the parties to this action.

[1] Assuming that Frank M. Anderson, the infant son, is an owner in common with the plaintiff, it seems clear that the father had the lawful right to rent these premises and to receive the payment of such rent. Section 80 of the Domestic Relations Law (Consol. Laws 1909, c. 14) provides that:

"Where a minor for whom a general guardian of the property has not been appointed shall acquire real property, the guardianship of his property with the rights, powers and duties of a guardian in socage belongs: (1) To the father; (2) if there be no father, to the mother," etc.

And the courts have held that a guardian in socage may lease the lands of his ward for a term as long as he continues guardian, or for any number of years within the minority of the ward, subject to its being defeated under certain contingencies. Emerson v. Spicer, 46 N. Y. 594; Matter of Hynes, 105 N. Y. 560, 563, 12 N. E. 60, 62. In the latter case it is said that:

"Such a guardian had a right to the possession of the ward's lands, and to the receipt of the rents and profits thereof, and could maintain ejectment to recover possession of such lands."

[2] The father is living, and having the right to rent the property of his ward, and to receive the rentals, he was, in such capacity, in the position of a tenant in common with the plaintiff, and any joint owner of land can demand the whole rent from the tenant, and a payment to one joint owner is good as to the others, and will protect the tenant. Griffin v. Clark, 33 Barb. 46, 48. There is no general guardian of the infant, Frank M. Anderson, and his father is therefore his guardian in socage, with all the rights of such guardianship, and having rented his son's interest, as a tenant in common with the plaintiff in this action, and received the rents, the defendant cannot be liable in this action. The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur, except

JOHN M. KELLOGG, J. (dissenting). The rented premises were, on May 9, 1908, deeded by Frank S. Anderson to Adelaide M. Anderson, his wife, and Frank M. Anderson, his infant son, "as joint tenants." The defendant took possession of the premises as tenant in September, 1909. The plaintiff swears that before that time he came and saw her about the property, and she stated the price and gave him the keys to examine it; that while her husband was living with her the

rental was always collected by the husband and paid directly over to her. The defendant admits that he received the keys from the plaintiff, but says he made the arrangement with the husband and paid the husband. In July, 1910, the plaintiff's husband abandoned her and began a litigation with her and the son, seeking to establish title to the property in himself. That case was decided against the husband. About the same time he instituted habeas corpus to have the custody of the child awarded to him. That matter was decided in her favor, and the custody of the child awarded to her August 26, 1911.

There is no pretense that the husband ever rented the premises or received the rent as guardian in socage. Before the abandonment he received the rent as agent for his wife; after that in hostility to her and her son, as the defendant says, under an agreement that "if he lost his case, if he did not hold his property, he would make good to me." It is apparent from this agreement that both expected that, if the husband failed in the litigation, the defendant would have to settle with the plaintiff for the rent, and that the husband would return the moneys he had received and probably take care of the costs. After the determination of the action in her favor, the plaintiff served upon the defendant a notice to vacate the premises or pay the rent. She swears that he said he wanted to remain and agreed to pay her the rent. A lady with her substantially corroborates her statement. The defendant swears, referring to this interview:

"I did not tell her that I would pay her the rent. I told her I supposed I would have to pay her now. My idea was that Mr. Anderson had dropped his cases, and I supposed I would have to pay her."

He says, also, that he told her he would consult a lawyer before he paid. The lawyer he consulted was the husband's father, who apparently agreed to indemnify him if he would make the payments to the husband. The husband was a director in the bank of which the defendant is cashier. The defendant was evidently working in the interest of the husband against the interest of the wife and the son, and it is going too far to protect him and the husband on the theory now that the rent was paid to him for the son. The plaintiff's evidence that the defendant really was her tenant and understood himself to be such is corroborated by the notice which the defendant served upon her November 1, 1911, that he intended to vacate the house the next Tuesday night. It does not appear that he gave any notice to Anderson.

The judge charged the jury that if the defendant knew, at the time plaintiff forbade him to pay the rent to Anderson, that she and her son were the owners of the property, that she could recover from that time. He also charged that they must first find a specific agreement. It is undisputed that the defendant did know at the time. The defendant's claim that he made the original agreement with the husband is not very important, when the fact appears that the rentals were paid by the husband to the wife, and is entirely consistent with the theory that she was the lessor, and he was simply acting for her. It is not pretended that the husband leased the premises as guardian in socage, or for himself. He was clearly acting as agent for his wife, and hand-

ed the rent over to her. If, as defendant claims, he made the arrangement with the husband, that does not justify him in continuing to pay the. agent after the principal had notified him to quit or pay rent to her, and he had indicated a willingness so to do. He knew the litigations had resulted in her favor, and that rentals were properly payable to her for the benefit of herself and child, whom she was maintaining. The court should not be active in finding a fiction by which to aid them in depriving the real owners of the income of their property. If the defendant is protected by the husband, the action is in effect one between the wife and the husband to determine whether the moneys shall go for the benefit of herself and son, the owners, or be retained by the husband, who has no possible interest therein.

I think the evidence clearly indicates that the defendant was the tenant of the plaintiff, if not from the beginning, at least from the time when the notice to quit was served and he gave her to understand that he elected to keep the premises. I think that made a leasing from her at the same terms. He occupying as her tenant, the fact that their infant son owned one-half interest in the property is immaterial, as she clearly had the right to maintain the action. She says he agreed to pay the rent to her, and he says that he told her he supposed he would have to, and he then continued in occupation. It naturally follows that he then became her tenant.

The findings of the jury that the plaintiff was not the lessor, and was not entitled to the rent, and that the payments to the plaintiff since the notice were payments of the rent, are against the evidence. I favor a reversal of the judgment upon the law and the facts, and the direction of judgment for the plaintiff for the rent accruing after the notice was served, with interest, and costs in the court below and in this court.

