Judge Marshall

delivered the Opinion of the Court.
I. If the Lessors of the plaintiff have any title, they are joint tenants or tenants in common; and as any one of them has the right to take possession for all, each must be considered, at least until expressly prohibited, as having the right to use the names of all in attempting to gain the possession by action of ejectment. The exhibition of the evidence of the common title by Bullock, one of the lessors, was therefore, prima facie, a sufficient authority to proceed with the suit in the name of all the lessors, and a sufficient answer to the motion for a rule on that subject.
II. The Circuit Court did not err in overruling the attempt of the defendants in the action to invalidate, by proof of fraud, the will of Mildred Gregory, under which the lessors claimed title. The very nature and office of a will require that there should be some means of establishing or rejecting it, which shall be binding upon all concerned. And the County Court having been constituted the tribunal for determining these matters, with full opportunity to all concerned to become parties on either side, either in that Court, or in a proceeding to reverse its judgment in this Court, or in a suit in Chancery to set aside a will established by the ordinary proceeding, the judgment of the County Court, establishing a will *42 and admitting it to record, must be deemed conclusive, until reversed by this Court, or in effect set aside by the proper proceeding in Chancery. This doctrine is laid down and illustrated in the case of Wells’ Will, & Litt. 273, and again in the case of Payne’s Will, 4 Monroe, 422, and has been recognized in other cases.
The wills used in this case, with the possession under them, were sufficient evidence of title.
III. Upon examination of the will of Mildred Gregory, we are of opinion that the ‘residue of her estate devised to her executors embraces the residue of her land after the 100 acres devised to her brother, so that they had the legal title of such residue, either as trustees, or in their own right; and it is not necessary now to say in which character they held it.
On the will of A. Gregory, we are of opinion that the tract of land devised to his wife Mildred Gregory, is sufficiently described and identified as the tract of land on which the testator resided; and that the will furnishes no ground for implying that this tract was intended to be subject to diminution or alteration of its boundaries; and if there were such implication, the presumption from lapse of time and other circumstances appearing in the cause, is that whatever was to be done on that subject had been done, and that the tract as finally adjusted embraced the land in contest. The same land having been occupied by the said Mildred Gregory from the death of her husband, in 1814, until her own death, and by her executors, or those claiming under them, from her death until about the year 1834, when the defendants, claiming under one of her heirs, entered upon it.
Wherefore, the judgment is affirmed.