CASE 14—APPEAL TO CIRCUIT COURT—MARCH 22.

## Ransom, &c., v. Connelly, &c.

APPEAL FROM BOONE CIRCUIT COURT.

MARRIAGE REVOKES A WILL previously made by the husband, although there be an ante-nuptial contract fixing the rights of each party in the property of the other.

W. W. DICKERSON FOR APPELLANTS.

The will of the testator was revoked by his subsequent marriage, notwithstanding the ante-nuptial contract. (Gen. Stats., chap. 113, sec. 9; Stewart v. Powell, 90 Ky., 511.)

> The case of Stewart v. Mulholland, 88 Ky., 38, distinguished.

A. G. WINSTON, J. T. WILLIS, OF COUNSEL, ON SAME SIDE.

COLLINS & FENLEY FOR APPELLEES.

The ante-nuptial contract operated to prevent the marriage from revoking the will previously executed by the husband, notwithstanding section 9 of chapter 113, Gen. Stats. (Stewart v. Mulholland, 88 Ky., 38.)

> Stewart v. Powell, 90 Ky., 511 distinguished.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In 1854 Thomas Vest made his will, devising his entire estate to his wife and her children. In 1858 his wife died.

In 1862 he married Mrs. Rachael Le Vesque, with whom he had an ante-nuptial contract, which was entered into a short time before marriage, by which she was to remain the owner of all her property; and she was to have no marital right in his property by virtue of the marriage, except a specific interest in a certain tract of land, during his life, and the use of two slaves and the use of one room in his house, etc., after his death, during life.

He died in 1885, leaving her as his widow and without destroying the will that he made in 1854. After his death the will was probated in the Boone county court by the devisees; but some of his heirs resisted the probate of the will and appealed to the circuit court, and that court affirmed the action of the county court in admitting the will to probate, and the same parties have appealed to this court.

The only question presented by the appeal for decision is, whether or not the marriage in 1862 revoked the will made in 1854. The appellees' contention is, that as the

object of section 9, chapter 113, General Statutes, declaring that the marriage of any person, whether man or woman, after having made a will, revoked the will, was designed to prevent fraud upon the marital rights of the other contracting party; and as the marital rights of the second Mrs. Vest could not be affected by the antecedent will, because of the marriage contract securing to her all her own estate and specifying what interest she should be entitled to in his estate and excluding her right to any other interest therein, which contract controlled as to her property rights in her husband's estate, the antecedent will was no fraud upon her marital rights; hence the will was not revoked by the marriage.

The case of Stewart v. Mulholland, &c., 88 Ky., 38, is relied on in support of that contention. In that case Mrs. Mary Hall Jacob and James R. Stewart, being about to marry each other, entered into a marriage contract by which it was agreed, among other things relative to their property rights after marriage, that Mrs. Jacob should have the power to dispose of her property by will. The will was made on the 9th of January, after the terms of the marriage contract were agreed on. The said contract was reduced to writing on the 11th of January, and on the 12th of January it was signed by both parties, Mr. Stewart having been informed that Mrs. Jacob had made said will pursuant to the understanding between them; and on the same day (the 12th) the marriage ceremony was performed.

This court held, in that case, that the close proximity of the events above detailed, showed that they were a part and parcel of but one agreement, which was consummated and completed by the performance of the

marriage ceremony, which agreement was to control the marriage relation as to property rights instead of the statutory regulations in regard thereto, and which was to take effect and control the property rights of the parties from and after the marriage; that the agreement as to the particular power of Mrs. Jacob to dispose of her property by will was to be construed as if made simultaneously with the marriage; and as the will, made just three days before, was a part of the whole agreement consummated and completed by the marriage and which took effect from and after that event, it should be regarded as speaking from that time forward, and as consenting at that time that said will should be the will that the parties contemplated that the wife should make after marriage.

The case of Stewart v. Powell, 90 Ky., 511, thus construes the case of Stewart v. Mulholland; but the case here is not governed by the Mulholland case. That case simply recognized the right of the wife to dispose of her separate property by will, if her husband agreed that she might do so; and that he could agree, upon their marriage, that the will she had made just three days before by his consent and pursuant to the power that she was to possess, should be her will, the same as if he had, immediately after the performance of the marriage ceremony, executed the power. But it was not intended to say, nor was it said, that the husband, by ante-nuptial contract, could continue in force a will already made by him, because he, being *sui juris* all the time as to that matter, can make a will after marriage disposing of his property as he may wish, subject, however, to such marital rights as his wife may possess, and which can not

possibly be a fraud upon her rights; and it was the possibility of a fraud upon the marital rights of either party that caused the Legislature to declare that marriage should, *ipso facto*, revoke a will previously made by either contracting party, save in the instance mentioned in the statute. But where the husband, simultaneously with the marriage or after the marriage, gave the wife the power to dispose of her property by will, to allow her to adopt a will previously made would be equivalent to giving her the power to make a will after marriage.

The judgment is reversed with directions to reject the probate of the will.