THE STATE, MICHAEL MULLONE, PROSECUTOR, v. G. M. KLEIN (WIDOW), EXECUTRIX, &c., ET AL., HEIRS, &c.

Any one of a number of joint tenants, or tenants in common, named as landlords in a lease, is authorized under clause 2 of amended section 11 of the act entitled "An act concerning landlords and tenants" (*Rev., p.* 511), to make demand in writing for the payment of rent, and sign and give the three days' notice required by the statute to confer jurisdiction in summary proceedings to dispossess the tenant for default in the payment of such rent. *Rev., p.* 576, § 123, *pl.* 2.

On *certiorari.*

For the prosecutor, *Charles H. Voorhis.*

For the defendants, *William D. Daly.*

Argued at February Term, 1893, before Justices DEPUE and LIPPINCOTT.

The opinion of the court was delivered by

LIPPINCOTT, J.   The writ of *certiorari* in this case was sued out to remove into this court summary proceedings against the prosecutor, instituted by the defendants before the District Court of Jersey City, under the supplement to the act entitled "An act concerning landlords and tenants," approved April 5th, 1876.   *Rev., p.* 576, § 123, *pl.* 2.

Judgment of dispossession was rendered against the prosecutor, and he now insists that the District Court had no jurisdiction in the premises because of the want of the notice required by the statute, and that no proper notice requiring the payment of rent or surrender of possession of the premises within three days had been given.

The affidavit requisite in these proceedings to confer jurisdiction was made in due form, and no objection has been made to its sufficiency.   By this affidavit it appears that there was a written lease existing between G. M. Klein (widow), executrix, &c., and individually, William Klein, Maggie Ehrlich, Matilda Troll, *Frederick Klein,* August Klein, Emil Klein, Alvine Klein and Lillie Klein, landlords, as joint tenants or tenants in common, and the prosecutor for these premises at certain rents reserved therein.   This affidavit is made by Frederick Klein in his own behalf, and as agent of the others, as landlords, and a copy of the lease is annexed to and made a part of the affidavit.   The affidavit is not set forth here in full because it is unimportant, except in relation to the sufficiency of the notice to which all the objections are directed.

The notice is addressed to the prosecutor ; the rent due, amounting to the sum of $1,587.99, is demanded, and the notice shows that this amount of rent was due for the premises ; the notice describes definitely the premises rented, and notifies the prosecutor that " unless you pay the rent now due, or quit or surrender the premises to me, *your landlord,* within three days from the service of this notice, I shall take legal measures to dispossess you of the same."

This notice is signed, " Fred. Klein, attorney.   Estate of F. W. Klein, dec'd."   The notice is dated November 21st,

1892. The summons in these proceedings was tested November 29th, 1892, and the trial, after several adjournments, took place on December 23d, 1892, and judgment of dispossession rendered on that day.

This notice, so far as form and substance are concerned, was entirely definite and sufficient, so far as such notice is necessary to give the court jurisdiction. It is a demand in writing, requiring the payment of the rent due and payable, or the possession of the premises. It is difficult to perceive how it could have been more in accordance with the statute than it is. It requires payment to the party signing and giving the notice as landlord.

There is no prescribed form of notice by the statute. It must be given to the tenant from whom the rent is due by the person who is entitled to receive such rent, or his agent; it must be a demand for the rent, and it must state the amount due and for what premises it is due. It must show who is the landlord and require the payment of the rent to him within three days of its service.

The notice in this case was amply sufficient under the statute to give the court jurisdiction.

The objection is made that this notice is not signed by the landlord or his agent. The notice here is signed by but one of the joint lessors, who describes himself in the notice as landlord; he has also signed as attorney of the estate of F. W. Klein, deceased, whose widow and heirs the other lessors are. The reasonable interpretation of the statute certainly is that the notice need only be signed " by the person entitled to such rent or his agent." Now it would seem, applying a general rule, that one of several joint tenants or tenants in common as lessors would have the right to receive the rent of their tenant and acquit the tenant of its payment. *Austin* v. *Dale,* 13 *Johns.* 286; *Decker* v. *Livingston,* 15 *Id.* 479; *Spencer* v. *Austin,* 38 *Vt.* 258; *Law* v. *Bentley,* 25 *Ill.* 52; *McKeon* v. *Whitney,* 3 *Den.* 452.

Each one of several joint tenants may distrain for the whole rent, or they may all join together for this purpose,

and one joint tenant may, without the assent of his fellows, appoint a bailiff to distrain for rent due to all the joint tenants. *Robinson* v. *Hoffman*, 4 *Bing.* 562.

And a tenant in common, where, as in this case, the rent is an entire thing, the matter on its face being incapable of division, can receive payment of the whole rent from the tenant in the absence of notice from the other tenants in common not to pay him. *Snelgar* v. *Heuston, Cro. Jac.* 611; *Co. Litt.* 317, 197 *a;* Lord Kenyon, in *Harrison* v. *Barnby*, 5 *T. R.* 246.

And in all cases a tenant in common can distrain and take all other proceedings for the recovery of his own share of the rent. *Harrison* v. *Barnby*, 5 *T. R.* 246; *Whitley* v. *Roberts,* 2 *McClel. & G.* 107; *Co. Litt.* 317.

Whenever there be a right to levy a distress for rent, the relation of landlord and tenant must exist, and wherever that relation exists the party can invoke the aid of these summary proceedings to demand and receive payment of the rent, or in default thereof to obtain possession of the demised premises. The lease of one tenant in common will extend over the whole of the premises unless others make objections to such a lease. *Austin* v. *Ahearne*, 61 *N. Y.* 6.

The affidavit in this case, and the action, was in the name of all. It is only the demand for rent and notice which is signed by but one, unless it be concluded that his signature also as "attorney" is a signature for all; but he is one of the lessors named in the lease, and the action is one purely possessory. One joint tenant alone may maintain such action. Each has an undivided moiety of the whole, each is seized *per my et per tout*—by the half or moiety and by all.

The rule of law is that every act of one joint tenant which is for the benefit of his co-tenant shall bind him, and it must be predicated that the determination of the tenancy by such notice is for the benefit of the estate. 2 *Bl. Com. (Chase ed.)* 182; *Rabe* v. *Taylor,* 18 *Miss.* (10 *Sm. & M.*) 440; *Harrison* v. *Barnby*, 5 *T. R.* 246.

It would appear in the reason of things that a tenant in common as a landlord should have his right of recovery in

summary proceedings under the statute, where rent has not been paid to either tenant in common.  The right of recovery would exist even for his share of the rent, and the judgment would be dispossession, under the statute, of the whole of the premises.  *Ad. Eject.* 127, and cases cited in notes; *Hammett* v. *Blount,* 1 *Swan* 385; *Collins* v. *Corbett,* 15 *Cal.* 183; *King* v. *Bullock,* 9 *Dana* 41; *Griffen* v. *Clark,* 33 *Barb.* 46.

The right which one tenant in common has to call upon the other to account for rents received from tenants of common property, presumes the right of one to receive the rents, as otherwise they would be again recoverable of the tenant. The reasonable conclusion is that the joint tenant, or tenant in common here, as one of the lessors, was the person, either in whole or in part, entitled under the statute to receive the rent reserved by this lease or letting.  He was one of the landlords, jointly with others, as appears on the face of the lease, and as a lessor and landlord he was entitled to demand and have the rent of these premises in whole or in part (*Harrison* v. *Barnby,* 5 *T. R.* 246), and therefore he was the person in legal contemplation authorized and entitled, in the absence of any dissent on the part of the others, to sign and give the notice requisite by the statute to confer jurisdiction in these proceedings, and that the notice here given was in compliance with the statute.

In *Harrison* v. *Barnby,* 5 *T. R.* 249, Lord Kenyon held that a tenant holding under two tenants in common might pay his rent to either of the tenants in common, in the absence of notice to the lessee by the other tenant in common not to do so, and that, in the absence of such notice, the lessee might pay the whole rent to one of the tenants in common, and that either of the tenants in common had the right to demand the rent from such lessee.

In the case of *Brahn* v. *The Jersey City Forge Co.,* 9 *Vroom* 74, no authority to the officer of the company to make, sign and give the notice required in that case appeared, expressly or otherwise, in any of the preliminary proceedings required to confer jurisdiction, while, in the case here now under con-

sideration, the authority and assent upon the part of the other joint lessors to the one who made the demand for rent and gave the notice required distinctly appears in the affidavit necessary to confer jurisdiction.

The statute was intended to furnish a remedy for the landlord against the unjust and improper conduct of his tenant, and its provisions should be construed according to the principles of sound reason and common sense, and their beneficial operation not frittered away by overstrained technicalities or too nice and subtle constructions.   *Townly* v. *Rutan, Spenc.* 604.

A further contention for reversal by the prosecutor in this case is, that the notice requiring the payment of rent or the surrender of the possession of the premises within three days has not been given.

I think the affidavit upon which the summons in these summary proceedings was based answers fully this contention. As has been stated, the affidavit appears to comply in every particular with the statute as to the relationship of landlord and tenant, the rent due and proof of the demand for its payment and the three days' notice in writing required by the statute.

A copy of the notice is annexed to the affidavit of one of the lessors, made in his own behalf and in behalf of his co-lessors, and in relation to this demand and notice the allegation of the affidavit is " that on the twenty-first day of November, A. D. 1892 [which is the date of the notice], deponent demanded the said rent from the said Michael Mullone and caused notice in writing to be served upon the said Michael Mullone, and did serve a copy on him personally, the copy of which is hereto annexed, requiring the payment of the said rents or the possession of the said premises."

The summons was not issued until November 29th, 1892, and this service of notice was in full compliance with the statute, and gave the tenant more than the full statutory period for the payment of the rent and the opportunity to preserve to himself the possession of the demised premises.

The notice and affidavit were sufficient in law to confer jurisdiction on the District Court.

The judgment must be affirmed.