CASE 26—APPEAL TO CIRCUIT COURT—November 28.

# Biggerstaff's Ex'ors v. Biggerstaff's Adm'r.

### APPEAL FROM MONROE CIRCUIT COURT.

1. Under an ante-nuptial contract by which it was provided that "each party to this contract is to have, enjoy and use their own property which they own free from the interference of the other and to have the perfect right to sell, convey or otherwise dispose of the same as though no marriage had taken place," not only was each party excluded from any interest in the estate of the other during their joint lives, but upon the death of one the other was to have no interest in his or her estate.

2. Appeal from Order Probating Will.—Where the wife, by reason of such a contract, had no interest in her husband's estate upon his death, neither she, during her life, nor her administrator after her death, had any right to appeal from an order of the county court admitting his will to probate, and an appeal by her administrator should, upon motion of the propounders, have been dismissed.

W. L. PORTER and A. W. SCOTT for appellant.

1. As the ante-nuptial contract is not denied or attacked for fraud or want of consideration, it ought to be upheld. (Forwood v. Forwood, &c., 86 Ky., 115.)

2. As the wife by that contract deprived herself of any interest in the husband's estate, she had no right to prosecute an appeal from the order probating the husband's will. (Tinker v. Ringo's Ex'or, 11 Ky. Law Rep., 120.)

3. Independent of the marriage contract the wife had no right to prosecute the appeal for the reason she can be in no way affected by the will, for as the husband by the will made no provision for her it is not necessary for her even to renounce the will to obtain whatever dower or distributable share she might be entitled to. (Gen. Stats., chap. 31, sec. 12; Cummings v. Daniel, 9 Dana, 361.)

PORTER & McQUOWN of counsel on same side.

SANDIDGE & SANDIDGE and JOHN G. CRADDOCK for appellee.

1. The marriage of the testator operated as a revocation of his will. (Gen. Stats., chap. 113, sec. 9; Stewart v. Powell, 90 Ky., 511.) Stewart v. Mulholland, 88 Ky., 38, distinguished.

2. The right of the widow to an interest in her deceased husband's estate can not be tried on this appeal.

3. The marriage contract did not deprive the wife of her interest in the husband's estate after his death, but only deprived her of an interest in such of his property as he might dispose of before his death.   Nor did it give validity to the will previously made by the husband.   (Hart v. Sowhard, 14 B. M., 391;  Gen. Stats., chap. 31, sec. 11.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

April 14, 1860, Hiram Biggerstaff made a will devising to his wife Susannah for life all his property, and to be equally divided at her death between his children, except five hundred dollars in money given to each of two grand-children, America and Martha T. McComas.   In 1867 being then a widower he married Melinda McComas, with whom he lived until his death in 1889.   March 4, 1889, the paper dated April 14, 1860, was by order of the county court admitted to record as his last will.   But upon appeal by Melinda Biggerstaff, widow, and America McComas and Martha Cloyd, formerly Martha McComas, his two grandchildren, judgment of the circuit court was rendered reversing that order and directing the county court to reject the paper as a will.   However, before the case was submitted for final judgment of the circuit court, America McComas and Martha Cloyd caused an order made dismissing, as to each of them, the appeal from the county court order; thus leaving as only appellant, David McComas, administrator of Melinda Biggerstaff, who had in the meantime died.

According to a statutory provision the marriage of Hiram Biggerstaff, in 1867, operated as a revocation of his will made in 1860; and America McComas and Martha Cloyd, being his heirs at law, had a right to reversal of the erroneous order of the county court admitting the paper to record as his true last will.   But if Melinda Biggerstaff had no interest in the estate of her deceased husband she

was not at all affected by the county court order; nor could she while living, nor her administrator after her death, prosecute an appeal therefrom. And such being the case the motion to dismiss the appeal, made after America McComas and Martha Cloyd ceased to be parties, ought to have been sustained.

Whether she acquired or had in virtue of her marriage to Hiram Biggerstaff any interest in the estate at his death, depends upon proper construction and meaning of the following contract, which appears to have been duly executed and recorded:

"WHEREAS, Hiram Biggerstaff and Melinda McComas contemplate entering into the holy bonds of matrimony, and for the purpose of living forever in harmony we do hereby make the following marriage contract, to-wit: It is expressly understood and agreed that each party, that is to say, Hiram Biggerstaff is to hold what property he now has free from the claims of his contemplated wife, now Melinda McComas, and the said Melinda McComas is to have entire and complete control of all property that she now holds in her own right free from the claims of said Hiram, and is allowed the privilege of using her separate property in any way she may see fit and proper. It is expressly understood that each party to this contract is to have, enjoy and use their own property which they now own free from the interference of the other, and to have the perfect right to use, convey or otherwise dispose of the same as though no marriage had taken place.

"HIRAM BIGGERSTAFF,
"MELINDA McCOMAS.

"November 27, 1867."

According to the language of that contract it is plain

the parties intended the property of each should be free of any marital right or claim of the other while they lived together as husband and wife, and also that neither should, at death of the other, be entitled to allotment or distribution of his or her estate as either curtesy or dower.   For exclusion of claim or right on account of the marriage is not in terms or meaning of the contract limited to their lives, but was manifestly intended to continue and apply after death; indeed, the wife's claim to her husband's property is generally contingent upon his first dying.

Though the relative value of their property at time of the marriage does not appear, it is reasonable to assume, in absence of evidence to the contrary, she entered into the contract freely and intelligently, and that complete control of her own property, free of his claims, retained by her under the contract, was a fair consideration for her agreeing he should hold his property free from her claims, and "as though no marriage had taken place."

As we construe the contract, Melinda Biggerstaff had no interest whatever in the estate of her deceased husband, and it was consequently error to overrule the motion to dismiss the appeal from the county court order. Wherefore the judgment of the circuit court is reversed and cause remanded, with direction to sustain that motion.