| 101 | 209 |
| 105 | 399 |

CALVIN R. MOWER v. JANNETJE VERPLANKE AND
JOHANNES VERPLANKE.

*Probate of foreign will—Petition—Jurisdiction.*

A petition for the probate of a foreign will, which fails to set forth a duly-authenticated copy of the foreign probate thereof, confers no jurisdiction upon the probate court.[1]

---

[1] For cases bearing upon the construction of and practice under How. Stat. § 5806, which provides that when a copy of a foreign will and the probate thereof, duly authenticated, shall be pro-

101 MICH.—14.

Error to Ottawa. (Padgham, J.) Argued June 8, 1894. Decided June 16, 1894.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*W. I. Lillie,* for appellant.

*Farr & Soule,* for defendants.

GRANT, J. Plaintiff brought ejectment for a life estate in certain land. In making his claim of title, it became necessary to introduce a foreign will. For this purpose he offered in evidence the exemplification from the record of the probate court of the county of Ottawa, in this State. This was excluded, upon the ground that the record showed no jurisdiction in that court. The petition contained the following allegation:

---

duced by the executor, or other person interested in such will, to the probate court, such court shall appoint a time and place of hearing, and notice shall be given in the same manner as in the case of an original will presented for probate, see:

1. *Pope v. Cutler,* 34 Mich. 150, holding that the statute makes it a prerequisite that the paper to be acted on as a foreign will shall comprise, not only a copy of the testamentary instrument as left by the testator, but also the foreign probate and due authentication, all of which form together one instrument or subject-matter, and are made essential to call the probate court into action, and authorize it to exercise jurisdiction.

2. *Besancon v. Brownson,* 39 Mich. 388, holding that the statute authorizes no one except the executor or other person interested in a foreign will to bring it in for probate; that this is a necessary and jurisdictional condition, and should appear in the record.

3. *Clow v. Plummer,* 85 Mich. 550, holding that the provision of the statute requiring the production of a copy of the will and the probate thereof. duly authenticated, by the "executor or other person interested in the will," is complied with where the petitioner who produces the will states in the petition that he is authorized by the representatives of the estate to make the petition in their behalf and interest.

"That said deceased departed this life in the state of New York, leaving a last will and testament, bearing date the 17th day of March, A. D. 1875, a certified copy of which is herewith deposited and filed in said court; that said will is in writing, and signed by said testator, and is attested and subscribed by three witnesses, and is executed according to the laws of the state of New York.

"Your petitioner further shows that said will was duly proved and allowed by the probate court of the county of New York, in the state of New York, according to the laws of the state of New York, on the 24th day of June, A. D. 1878; that authenticated copies of said will have been produced and filed in this court."

How. Stat. § 5806, is as follows:

"When a copy of such will and the probate thereof, duly authenticated, shall be produced by the executor, or other person interested in such will, to the probate court, such court shall appoint a time and place of hearing, and notice shall be given in the same manner as in the case of an original will presented for probate."

The record does not contain the copies from the probate court of the county of New York. We must assume that they correspond with the petition filed with the probate court of the county of Ottawa. The petition is defective, in that it does not set forth a copy of the foreign probate. *Pope v. Cutler,* 34 Mich. 150.

Judgment affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.