CALVIN R. MOWER v. JANNETJE VERPLANKE AND JOHANNES VERPLANKE.

[See 101 Mich. 209.]

*Appeal—Point not raised below—Probate of foreign will—Sufficiency of petition.*

1. A point not raised upon the trial should not be considered on appeal.

2. A petition for the probate of a foreign will, which sets forth that the petitioner is interested "as a subsequent purchaser of the estate of the deceased," is sufficient, under How. Stat. § 5806, which provides that "when a copy of such will and the probate thereof, duly authenticated, shall be produced by the executor, or other person interested in such will, to the probate court, such court shall appoint a time and place of hearing, and notice shall be given in the same manner as in the case of an original will presented for probate."

to give the probate court jurisdiction, it not being neces-
sary to set forth the proofs of petitioner's interest; citing
*Clow v. Plummer,* 85 Mich. 550.[1]

Rehearing, upon application of plaintiff, of case
reported in 101 Mich. 209. Submitted January 22, 1895.
Former decision reversed May 21, 1895. The facts are
stated in the opinion, and in 101 Mich. 209.

*W. I. Lillie,* for appellant.

*Farr & Soule,* for defendants.

GRANT, J.   For a statement of the issue, see same case
in 101 Mich. 209. A rehearing was granted upon the
statement in the motion for rehearing that the point
upon which the judgment was affirmed was not raised
in the court below. The point was expressly raised and
argued in the brief for the appellees, and was not men-
tioned in the brief for the appellant. We therefore
assumed that the point was raised upon the trial. A
re-examination of the record shows that it was not, and
therefore should not have been considered in the former
decision.

The ground upon which the court below excluded the
record of the probate of the will in the county of Ottawa
was that the petitioner was not interested in such will,
within the meaning of How. Stat. § 5806, which will be
found in the former opinion. The petitioner represented
in his petition that he was interested "as a subsequent

[1]For cases bearing upon the construction of and practice
under How. Stat. § 5806, see *Mower v. Verplanke,* 101 Mich. 209,
and note; and see Act No. 105, Laws of 1895, which repeals
said section, and amends How. Stat. § 5805, so as to provide
"that any will duly admitted to probate without the probate.
court of any county in this State in which the testator left real
or personal estate, and in the place of the testator's domicile,
may be duly admitted to probate and recorded in this State by
duly filing an exemplified copy of said will, and of the record
admitting the same to probate, and proceeding in the manner
hereinafter provided."

purchaser of the estate of the deceased." It was not necessary for him to set forth the proofs of his interest. This case is clearly within the reasoning of *Clow v. Plummer*, 85 Mich. 550. The petition was sufficient to give the probate court jurisdiction, and the record was therefore admissible in evidence.

Judgment reversed, and a new trial ordered.

The other Justices concurred.