CASE 70—PROCEEDING TO PROBATE WILL—Oct 3.

## Davies v. Leete, &c.

APPEAL FROM GREENUP CIRCUIT COURT.

APPEAL FROM THE COUNTY COURT DISMISSED BY THE CIRCUIT COURT AND DAVID C. DAVIES APPEALS. REVERSED.

WILLS—CONCLUSIVENESS OF JUDGMENT PROBATING—CONTEST—PERSON ENTITLED TO APPEAL.

Held: 1. A judgment probating a will devising land rendered by a court having jurisdiction is binding not only on the heirs of the testator, but as a proceeding *in rem* on all the world.

2. Under Kentucky Statutes, sections 4856-4861, using the words "any person interested" in defining who are proper or nec-

111 659
123 274
f123 276

111 659
130 448

essary parties to probate proceedings, any person who claims title under an heir of the testator may become a party to such proceedings, and may appeal from a judgment of probate.

A. R. JOHNSON, ATTORNEY FOR APPELLANT.

At the January term, 1899 of the Greenup county court, an exemplified copy of the supposed last will and testament of Mary McNichols from the probate court of Lawrence county, Ohio, was filed and application made for probate of same and the probate thereof continued.

At the March term, 1899, the following entry was made by the Greenup county court: "An instrument of writing purporting to be an authenticated copy, and the certificate of probate thereof, of the last will and testament of Mary McNichols deceased, proven in the probate court of Lawrence county, Ohio, was this day produced in court; and it appearing to the satisfaction of the court from said copy that the will was proven in said probate court of Lawrence county, Ohio, to have been so executed, as to be a valid will as to personal and real property in this Commonwealth by the law thereof, wherefore it is ordered that said authenticated copy of said last will and testament of Mary McNichols, deceased, be admitted to record and declared to be the last will and testament of decedent."

The body of the will is as follows: "In the Name of the Gracious Father of All, I, Mary McNichols, of Ironton, Ohio, daughter of Patrick and Elizabeth McNichols, being of full age and sound mind, but ill and weak in body, do make and publish this as my last will and testament.

*First.* It is my will that all my just debts and charges be paid out of my estate.

*Second.* I give and devise all the residue of my estate to my sister, Sarah J. Holland, wife of William Holland, of Ironton, Ohio, and I appoint her, the said Sarah J. Holland sole executrix of this my last will and testament, and hereby order and direct that no appraisement of my effects shall be made, and no bond be required of said executrix.

In testimony whereof I have hereunto set my hand and seal at Ironton, Ohio, this 9th day of May, A. D., 1882."

Mary McNichols died on June 9th, 1882, and William Holland made application to the probate court of Lawrence county, Ohio, on February 6, 1883, to have the will probated. On same day it was ordered that the instrument of writing purporting to be the last will and testament of Mary McNichols be placed on file and that the heirs, etc., residing in the State of

Ohio, be notified 'in writing of the filing of said will and the time of hearing for probate set for February 17, 1883, at ten o'clock a. m.

There was no other steps taken or proceedings had whatsoever, until October 14, 1898, more than fifteen years and six months after the filing of the same for probate.

On October 14, 1898, the following appears as the court proceedings: "Now comes Sarah J. Leete and makes application for the admission to probate of the last will and testament of Mary McNichols hereinbefore filed herein for probate, and it appearing that there are no persons next of kin of said decedent residing in the State of Ohio, thereupon on said day came Ralph Leete one of the subscribing witnesses to said will, who, being duly sworn, testified to the due execution of said will, which testimony was reduced to writing by him, subscribed and filed with said will, and it appearing that John M. Murphy, one of the subscribing witnesses is dead, thereupon came M. Halloran and Ralph Leete, who, being duly sworn, testified as to the genuineness of the signature of the said John M. Murphy." Then follows the judgment of the probate court, ordering the will to be admitted to probate and the certificate authenticating same.

On May 10, 1900, David C. Davies, the appellant herein, filed an appeal from said judgment of the Greenup county court in admitting said will to probate, and filed statement or petition which after caption is as follows. "Now comes David C. Davies and represents to this court that all the property affected in the probate of the will of Mary Nichols, a transcript of which is filed in this court, is owned by said David C. Davies, and that he is the only person having a direct interest in, to, or concerning said real estate, but Sarah J. Leete, who is claiming some right, title or interest therein, by virtue of said will of Mary McNichols. She being the person that procured said will to be probated by the county court of Greenup county, and asserts that said property belongs to her and not to said David C. Davies."

Accompanying this petition for appeal was the affidavit of David C. Davies showing non-residence of Sarah J. Leete and verifying truths of statements therein contained.

At the April term of the Greenup county court, 1900, appellees filed first a special demurrer setting out two grounds: (1) The court had no jurisdiction over defendants. (2) That David C. Davies had no legal capacity to maintain said appeal, and later filed a general demurrer to the petition for the reason that the same had not stated facts sufficient to

constitute a cause of action.    And the court sustained the
second assignment of the special demurrer and the general
demurrer, and ordered the appeal of David C. Davies to be
dismissed and rendered judgment against him for costs, and
from this judgment Davies appeals.

Some time after the death of Mary McNichols, but long
before the probating of this will, her father, Patrick Mc-
Nichols, sold and deeded this real estate in Greenup county
Ky., to one Frank Murphy, and in February, 1900, appellant
bought same from said Murphy, and appellees sought to
probate this will so that they could assert title to said real
estate.    The appellee, Sarah J. Leete, is the same person as
Sarah J. Holland named in the will.

We claim:    (1)    Davies' appeal brings up the entire mat-
ter for consideration.    (2)    The court erred in sustaining the
special and general demurrer of appellee and in dismissing
the appeal.    (3)    David C. Davies has such an interest in
the probating of this will, within the meaning of the law,
as entitled him to contest its probate.

We contend further that none of the following facts appear
which are essential to the probate of the will, and which must
affirmatively appear from such transcript, to-wit:

(1) That Mary McNichol's name was subscribed by herself,
(2) or that her name was subscribed by some other person in
her presence or by her direction, (3) or it is not shown
that the will was written by her.    (4)    It is not shown that
she subscribed the will in the presence of any witness or
witnesses.    (5) It does not appear that she acknowledged the
will in the presence of two witnesses or any witness.    (6) It
is not shown that the witnesses or any witness subscribed
his or their names in her presence.    (7)    It is not shown
that she was twenty-one years of age and qualified to make a
will.

### AUTHORITIES CITED.

Beauchamp, Admr., of Mudd v. Mudd, 1 Hard., 170; Slack
v, Price, 1 Bibb, 273; Bane's heirs v McMeekin, 4 Bibb
27; Birney v. Hann., 3 A. K. Mar., 322, 325; Anderson v.
Barry, 2 J. J. Mar, 265; Mirchell v. Vance, 5 T. B. Mon.,
528; Rhoes v. Young, 5 Dana, 567; Martin v. McDonald, 14
B. Mon., 437; Young, &c., v. Dehume & Co., 4 Metc., 239;
Wile v. Sweeney, 2 Dew, 161; Mitchell v. Mattingly, 1 Metc.,
237; Munsell v. Phillips, 5 J. J. Mar., 77; Jones v. Grugeth,
1 Bibb, 447; King & Co., v. Rochester, 3 A. K. Mar.,
227; Meadors v. Brown, 16 Ky. Law Rep., 620; Humphrey

v. Hughes' Guard., 79 Ky., 488; Kentucky Statutes, 4831, 4854, 4828, 4835.. Cornelson v. Browning, 10 B. Mon., 425; Williams v. Brown, 14 Bush, 418; Dupoyster v. Gagani, 84 Ky., Rep., 403; Whalen v. Nesbi, &c., 95 Ky., 464; Miller v. Swan & Brown, 91 Ky., 36; Thompson v. Beadles, 14 Bush, 47; Mitchell v. Holder, 8 Bush, 362; King, &c., v. Bullock, &c., 9 Dana, 41; Singleton, &c., v. Singleton, &c., 8 B. Mon., 340; Tibbatts v. Berry, 10 B. Mon., 473; Jacobs v. Pullian, 3 J. J. Mar., 200; Casteen v. Ford, 5 Litt., 268; Henry, &c., v. Munn's heirs, 11 B. Mon., 239; Hughey v. Sidwell heirs, 18 B. Mon., 259; Tinker-Ringo case, 11 Ky. Law Rep., 120; Johnson v. Bard, &c., 54 S. W., 721; Sneed v. Ewing, 3 J. J. Mar., 460; Watson v. Alderson, 146 Mo., 333; Wells v. Wells, 4 T. B. Mon., 152; Mar v. Hanna, 7 J. J. Mar., 642; Pryor v. Mizner, 79 Ky., 232; Inhabitants North Hampton, &c., v. Smith, 11 Met., (Mass.) 390; Farrar, &c., v. Parker, &c., 3 Allen, (Mass.) 556; Stebbins v. Lathrop, 4 Pick., 33; Wiggins Admr. v. Swett, 6 Met., (Mass.) 194; Price's Exr., v. Gould, 143 Mass., 234; Mower v. Janetze Verplanks, &c., 105 Mich., 398; Bryant v. Allen, 6 N. H., 116; Coursin's Will, 4 N. J. Eq., 409; Greeley's Will, 15 Abb., Pr. N. S., 393; *In re* Langevin, 45 Minn., 429; Smith v. Bradstreet's Exr., 16 Pick., 264; Stoors v. St. Luke's Hospital, 180 Ill., 368.

W. J. A. RARDIN, J. B. BEBBEE AND ROSS & DAVIS, FOR APPELLEES..

(No brief for appellees.)

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Mary McNichols, a resident of the State of Ohio, died in the year 1882. She was an unmarried daughter of Patrick McNichols. From a paper alleged to be her last will it appears that she attempted to dispose of all her property to her sister, Sarah J. Holland (now Sarah J. Leete). This paper was offered for probate, it is said, to the proper court in Ohio, in February, 1883, but seems not to have been acted on till October, 1898, when it was probated. Thereafter, in January, 1899, an exemplified copy of the probate proceedings on the will referred to was tendered in the Greenup county court of this State

for probate and record. It is stated that the testatrix owned real estate in that county. After the death of the testatrix, and before the alleged will was probated in Ohio or offered in Kentucky, Patrick McNichols, as heir at law of his deceased daughter, Mary, sold the Greenup county real estate which she had owned at her death to one Murphy, who in turn, and before the offering of the will, it seems, sold and conveyed it to appellant, who was said to be in possession under those conveyances in January, 1899, when the paper was offered for probate in Kentucky. The Greenup county court, in an *ex parte* proceeding, probated the paper as the will of Mary McNichols. This proceeding was under section 4854, Kentucky Statutes: "When the will of a non-resident relative to estate within this Commonwealth has been proven without the same, an authenticated copy and the certificate of the probate thereof may be offered for probate in this Commonwealth. When such copy is so offered, the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or county of the testator's domicile, and shall admit such copy to probate as a will of personalty in this Commonwealth. And if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this Commonwealth, by the law thereof such copy may be admitted to probate as a will of real estate." In March, 1900 appellant filed in the Greenup circuit court a transcript of the proceedings in the county court, and with it his petition averring that he was the owner of the real estate affected by the will, and the sole party in interest, opposed to appellee, and asked leave to prosecute an appeal from the judgment of

Davies v. Leete, &c.

the county court probating the will.    This application
was under our statute allowing any party in interest with-
in five years from the probate in the county court to ap-
peal to the circuit court where the trial shall be anew.
A special demurrer was filed to his petition, because he
did not show that he was "a party in interest" in dece-
dent's estate, within the meaning of our statutes; that is,
that he was not an heir at law nor creditor of the testa-
trix.    This demurrer was sustained, and his appeal dis-
missed.    It is to review that judgment that the case
is brought here.    The petition did not state the nature
of appellant's interest, though it alleged that he was "an
interested party."    However, we think this objection was
not so subject to the general or special demurrers filed
as it was to a motion to require appellant to define more
specifically the nature of his interest, and the particular
part of the estate in which interested.    However, it is
freely admitted in argument at the bar, and so treated by
both parties, that appellant's interest is as stated above,
and we have decided to adopt that as a basis for dis-
cussing the important legal questions involved, ignoring
such deficiencies as are purely technical, and not founded
in apparent merit.    It is not questioned that the regula-
tion of the manner of transmitting title to real esate is
subject exclusively to the law of the sovereignty wherein
the land is located.    By the common law, wills devising
real estate were required to be proved upon the trial in
suit involving the title, and that they may have been pro-
bated in the ecclesiastical courts gave them no authentic-
ity even as against heirs at law of the testator.    In-
deed, if the will disposed of realty only, it seems that the
ecclesiastical courts had no jurisdiction of them.    In the
American States and this State this inconvenient rule has

been changed to the extent that where a will devises land,
when probated in the tribunal having jurisdiction of such
matters it becomes binding on not only the parties who
may stand in inheritable relationship to the testator, but
is binding, as a proceeding *in rem,* on all the world.
Whalen v. Nisbet, 95 Ky., 464 16 R. 52, 26 S. W., 188; Miller
v. Swan, 91 Ky., 36 (12 R. 629) 14 S. W., 964; Thompson v.
Beadles, 14 Bush, 47; Mitchell v. Holder, 8 Bush, 362. The
plainest    dictates    of    justice    would    then    require
that   to   such   a   proceeding   affecting   the   title   to
his    real    estate    any    one    interested    therein    should
be   permitted to   appear,    and    contest    the   validity of
the   will   which   is   to   have   such   an   effect.   King
v.   Bullock,   9   Dana,   41;   Singleton   v.   Singleton, 8 B.
Mon., 340; Wiggin v. Swett, 6 Metc. (Mass.) 194 (39 Am.
Dec., 716); Mower v. Verplanke, 105 Mich., 398, (63 N. W.,
302); Bryant v. Allen, 6 N. H., 116; Watson v. Alderson,
146 Mo., 333 (48 S. W., 478), (69 Am. St. Rep., 615). The
statutes use the words "persons interested" (sections 4856-
4861, Kentucky Statutes) in defining who are proper or
necessary parties to probate proceedings.   We are of opin-
ion that any person who claims title under any one an
heir at law of the testator, as well, perhaps, as any cred-
itor of such heir at law, if the heir be insolvent, may be-
come a party to such proceedings under the above clause.
This would not, of course, admit a stranger to testator's
title, or one claiming under a title hostile to his, to con-
test the will, in order that he might destroy a link in his
adversary's chain of title (Johnson v. Bard [Ky.] 54 S. W.,
721); nor would it admit any relation not an heir at law
or such creditor (Tinker v. Ringo's Ex'rs [11 R. 120] 11 S.
W.,605; Biggerstaff's Ex'rs v. Biggerstaff's Admr, 95 Ky., 154
(15 R. 725) (23 S. W., 965). It follows that the circuit court

erred in denying appellant the right to prosecute the appeal and contest the will. The judgment is reversed, and remanded for further proceedings not inconsistent herewith.