## *In re* LARSEN'S ESTATE.

1. Rev. Civ. Code, § 1023, subd. 2, provides that if, after making a will, the testator marries, and the wife survives the testator, the will is revoked unless provision has been made for her by marriage contract, or unless she is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation must be received. Testator by will during marriage gave all his property to his wife and her son. Thereafter the wife died, and testator married again, and died without having made any other will, leaving his second wife surviving, having had no issue by either marriage. Held that, in the absence of the existence of a condition excepting the will from the rule of revocation being shown by such evidence as the statute contemplates, it was properly refused admission to probate.

2. The objection to the probate need not be made by the surviving wife.

(Opinion filed August 31, 1904.)

Appeal from circuit court, Turner county; Hon. E. G. SMITH, Judge.

In the matter of the estate of Niels Larsen, deceased. From a judgment sustaining objection to the admission of the

will of deceased to probate, Lars Peter Larsen appeals. · Affirmed.

*Alan Bogue, Jr.*, for appellant.

When a testator marries after the making of a will, the will is not revoked in toto, but only to the extent that the widow would take under the law if the decedent had died intestate. Vandeveer v. Higgins et al., 80 N.W. 1043; Sanders v. Simcich, 2 Pac. 741; In re Ward, 35 N. W. 731; Graves v. Sheldon, 15 Am. Dec. 659; Hoit v. Hoit, 63 N. H. 475; Fellows v. Fellows, 60 N. H. 439.

*Madeen & Madeen*, for respondent.

A will is revoked by operation of law when the testator marries subsequent to the making thereof and the wife survives him, no provision having been made for her by marriage contract, and she not having been in any way provided for in the will nor in any manner mentioned therein so as to show an intention not to make such provision. Roan v. Hollingshead, 17 L. R. A. 592; In re Ward's Will, 35 N. W. 731; Kelly v. Stevenson, 88 N. W. 739; Glascott v. Bragg, 87 N. W. 853; Fellows v. Allen, 49 Am. Rep. 328; Hoyt v. Hoyt, 56 Am. Rep. 530; McAnulty v. McAnulty, 60 Am. Rep. 554.

Fuller, J. On the 9th day of December, 1893, while the marriage relation existed between Niels Larsen and Jensene Larsen, the husband, by his last will and testament, gave to his wife, Jensene, and to her son, Lars Peter Larsen, all his property, both real and personal. Thereafter, and on the 25th day of December, 1898, Jensene Larsen died, leaving no issue of her marriage with Niels Larsen, the testator. On the 5th day of October, 1900, Niels Larsen intermarried with Christina

Johnson, and they continuously cohabited thereafter as husband and wife until March 1, 1903, when he departed this life, leaving his wife, Christina, surviving, and no issue of either marriage. When Niels Larsen died, his estate, real and personal, was worth $4,300, and on the 26th day of March, 1903, Lars Peter Larsen, the surviving son of Jensene Larsen, deceased, presented to the county court the last will and testament heretofore mentioned, with his petition that the same be admitted to probate. As previously noticed, Jensene Larsen and her son, Lars Peter Larsen, are the sole and only devisees mentioned in the will, and she is named as executrix thereof. Christen Larsen, a brother of the deceased testator, claiming that the will is revoked and void under our statute, objected to its admission to probate as follows: "That no provision is made in the said pretended last will and testament offered for probate, as aforesaid, for Christina Larsen, the surviving wife of the said testator, nor is the said surviving wife, Christina Larsen, in any way mentioned therein; and this contestant alleges that no provision was ever made by said testator by marriage contract for his said surviving wife."

At the trial the court held that the will was revoked by operation of law, and this appeal is from a judgment accordingly entered. Section 1023, subd. 2, Rev. Civ. Code, is as follows: "If, after making a will, the testator marries, and the wife survives the testator, the will is revoked, unless provision has been made for her by marriage contract, or unless she is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation must be received." While conceding that Niels Larsen married Chris-

18 S. D.—22

tina, his surviving wife, after making the will in which her name is not mentioned, either as a devisee or for the purpose of showing the intention not to make her such, and the non-existence of any provision made for her by means of marriage contract or otherwise, counsel for appellant contends that the will is revoked only as to that portion of the property of the decedent that she would take had he died intestate, and that none but the surviving wife can question the validity of the instrument. Independently of a statutory provision similar to the one under consideration, but in states like ours, where the husband and wife inherit from each other, the revocation of a will made by the husband prior to his marriage is conclusively presumed from such facts and circumstances as this record discloses. Tyler v. Tyler, 19 Ill. 151. The mind of the testator always relates to the time of his death, and, in the absence of something in or out of the will pertaining to the marriage relation existing at the time of the husband's demise, it is not reasonable to presume that he would deliberately dispose of his entire estate without making some provision for his wife. Surely it cannot be said that a future marriage was contemplated by the decedent at the time his will was made, or that he afterwards intended that the surviving son of his former wife should take all his property, notwithstanding the new relation to a person having a natural claim to his affection and a legal right to share his property. It is fair to assume that these considerations, and others of a like character, suggested the enactment of our statute, in plain and concise terms, by which such a will as the one under consideration is revoked absolutely, and the introduction of all evidence to the contrary is expressly prohibited.

In order to sustain the contention of counsel for appellant to the effect that the will is revoked in so far only as it affects the interest of the widow, and should be admitted to probate upon her petition, it would be neccessary to disregard statutes in pari materia, and resort to unwarrantable incerpolation, where the legislative meaning is plain and unmistakable. Unless the existence of a condition excepting it from the rule of revocation is shown by such evidence as the statute contemplates, the will cannot be admitted to probate. and it was so held in California under a statute of which ours is an exact copy. In re Corker's Estate (Cal.), 25 Pac. 922. By the marriage of Niels Larsen the will was unqualifiedly revoked, and the judgment appealed from is affirmed.