## Puckett's Ex'x et al. v. Puckett et al.

November 11, 1947.

B. H. Farnsley, Judge.

Woodward, Dawson, Hobson & Fulton for appellants.

J. Verser Conner and Claude Hudgins for appellees.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Minnie Puckett, appellant, is the widow of J. A. G. Puckett, deceased, and is also the executrix and chief beneficiary of his will. Other persons of lesser interests under the will are joined as appellants. W. T. Puckett, appellee, is a brother of the deceased. Other heirs at law of the deceased are joined as appellees. From a judgment of the trial court declaring the testator's will to have been revoked by the effect of his marriage 5 days after the date of his will, the widow and others interested in the will have brought us this appeal.

One of appellants' contentions is that the judgment is erroneous because this will provided under its own terms that it was to become effective only upon the date of testator's marriage to Minnie. In other words, appellants say that this will still lives and breathes without statutory revocation because it was really not born as a testamentary document until the testator's marriage had thrust this writing into the character of a valid will. No factual controversy whatever is presented by this case. The only controversy is one of law.

J. A. G. Puckett wrote out his holographic will on September 4, 1945. He married Minnie B. DeFevers, appellant, on September 9, 1945. He crossed the Jordan River in the transition of death on October 24, 1945.

The will contains this clause:

"I wish this will to become effective on the date of my marriage to Minnie B. DeFevers."

The statutory laws of Kentucky, KRS 394.090, contain this provisory declaration:

"Every will shall be revoked by the marriage of the person who made the will, except a will made in exercise of a power of appointment * * *."

It has been held in some jurisdictions that such a revocation statute as ours has the mandatory force of effecting full cancellation even though the will was made in contemplation of marriage and even though the will contained clauses providing for the contemplated wife in the event of her survival of the testator. In re Larsen's Estate, 18 S. D. 335, 100 N. W. 738, 5 Ann. Cas. 794; Francis v. Marsh, 54 W. Va. 545, 46 S. E. 573, 1 Ann. Cas. 665.

Here in Kentucky we have held, although not in cases identical with the situation of the present case, that marriage must, as said by the statute, revoke the will that precedes the nuptials. Stewart v. Powell, 90 Ky. 511, 14 S. W. 496, 10 L. R. A. 57; Ransom v. Connelly, 93 Ky. 63, 18 S. W. 1029. However, appellants contend, and they do so on a sound basis, we think, that this will did not precede but rather that it coincided with the testator's marriage.

This was the kind of will known to the law as a conditional or contingent will, being one which was to become effective upon the happening of a specified condition or contingency, viz., marriage between its author and Minnie B. DeFevers. See 28 R. C. L. 166. And if this was in the nature of a conditional will, then it was under the night of a total invalidity until its imposed condition, which was the specified marriage, arose and commanded the morning light of its legalization. The very weapon, to wit, marriage, which KRS 394.090 would have used to destroy the life of Puckett's document as a will was used by Puckett himself as a pair of forceps to bring it into life.

No principle of law is better known or more firmly established than the one pertaining to the judicial purpose of carrying out the intention of the maker of a will. See 19 Ky. Digest, Key 439 under the subject of

"Wills." And so, in this case, we feel that we must carry out the intention of the author of this will. That intention, clearly expressed in unmistakable terms, was to the effect that this written instrument was to assume testamentary character only upon the happening of the specified marriage. Because the author himself said so, this writing was no will until the preacher had said, "I now pronounce you man and wife," thus fixing the date and the actual occurrence of the marriage referred to by the testator.

For the reason herein indicated, the judgment is reversed for further proceedings consistent herewith.

Judge Dawson did not sit in this case.