James S. DUVALL and Harold Lewis Duvall, Appellants,

v.

Geneva F. GARRETT et al., Appellees.

Court of Appeals of Kentucky.

June 26, 1970.

J. T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellants.

Howard B. Hunt, Sr., Louisville, Huddleston & Van Zant, Elizabethtown, for Geneva F. Garrett, Jo Ann DeJarnette, and Laymon Duvall.

Joseph H. Eckert, Jeffersontown, for Elizabeth Schuble and Herman Duvall.

EDWARD P. HILL, Jr., Chief Justice.

The testator, W. E. Duvall, had seven children by his first marriage. Their names are listed as appellants and appellees with the exception of Frances Duvall, who was the second wife of testator.

After the first marriage ended in divorce and on August 8, 1963, the testator executed a will leaving all of his estate to his children in unequal shares. To Geneva, Laymon, and Jo Ann he gave the paltry sum of one dollar.

On October 26, 1967, testator married Frances Hess, one of the appellees. Ten days prior to this marriage, the testator and Frances Hess entered into an antenuptial agreement.

The testator died March 7, 1969, a resident of Hardin County, Kentucky.

The order of the county court probating the will was appealed to the circuit court by the three one-dollar legatees. Judgment was entered in circuit court holding that under KRS 394.090 the remarriage of testator after the execution of his will operated to invalidate the will. Two of the children prosecuted this appeal. We conclude that the language of the statute in question is clear and unambiguous and must be literally upheld, and we therefore affirm the judgment.

Appellants cite a number of non-will opinions of this court holding that in the interpretation of statutes, the purpose of the Legislature should be considered. We do not think there is any occasion to resort to that rule of construction here for the simple reason we find no ambiguity in the statute.

Stewart v. Mulholland, 88 Ky. 38, 10 S.W. 125 (1888), cited by appellant is distinguishable on the facts from the present case in that in Stewart the will and the antenuptial agreement and marriage were found to be *"but one transaction."* The case of Puckett, Ex'x v. Puckett, 305 Ky. 812, 205 S.W.2d 1016 (1947), falls under the same reasoning as Stewart, supra.

KRS 394.090 provides: "Every will shall be revoked by the marriage of the person who made the will, except [not important here] * * *."

With the exception of Stewart, supra, and Puckett, supra, this court has given the above statute the only construction which it is capable of having, and Stewart and Puckett are distinguishable as noted above.

The statute herein involved has remained a part of the law of this state for well over a century. This court has on numerous occasions held that an existing will is revoked by the subsequent marriage of the testator. See Stewart v. Powell, 90 Ky. 511, 14 S.W. 496, 12 Ky. Law Rep. 448, 10

L.R.A. 57; Ransom v. Connelly, 93 Ky. 63, 18 S.W. 1029, 14 Ky. Law Rep. 73; Biggerstaff's Ex'rs v. Biggerstaff's Adm'r, 95 Ky. 154, 23 S.W. 965, 15 Ky. Law Rep. 725; Clevenger v. Stewart, 215 Ky. 432, 284 S.W. 1106.

The judgment of the trial court is affirmed.

All concur.