John RIGGINS, Individually, and as Administrator with Will Annexed of the Estate of James Riggins, Deceased, Appellant,

v.

Tommy Dale FLOYD; Dennis T. Riggins; Joann Riggins; Paul C. Riggins; Katherine Elizabeth Riggins–Cole; Tita Riggins, Individually, and as Next Friend, Mother, and Legal Guardian of Tiffany Riggins; Jason Floyd, Brian Floyd, and Kayla Floyd, Represented by the Guardian Ad Litem; [Casey County Bank; Alan Oberholtzer and Mariann Oberholtzer][1], Appellees.

No. 2004–CA–001486–MR.

Court of Appeals of Kentucky.

Sept. 9, 2005.

Discretionary Review Denied by Supreme Court May 10, 2006.

Joel R. Smith, Jamestown, KY, for appellant.

Mark L. McGaha, Jamestown, KY, Timothy Berry Falls, Campbellsville, KY, Jerry L. Foster, Liberty, KY, for appellees.

Before COMBS, Chief Judge; JOHNSON and McANULTY, Judges.

*OPINION*

COMBS, Chief Judge.

This is an appeal of a final judgment of the Casey Circuit Court adjudicating the status of a holographic will executed on October 30, 1990, by the late James L. Riggins. The court held that the will was revoked by operation of law upon his marriage to Tita Ablay Alega on the day after he had executed the will. We affirm.

1. Although included on the Notice of Appeal, these parties were dismissed at the trial court level.

The decedent, James L. Riggins, was born in February 1927. In October 1990, Riggins, a widower, entered into a prenuptial agreement with Tita Ablay Alega. Riggins had three adult children, Dennis T. Riggins, Jane Arlene Riggins Floyd, and John Riggins, the appellant, herein.

On October 30, 1990, Riggins prepared his hand-written will. He made specific provisions for Dennis, Jane, and John; he also took the precaution of providing "one dollar each to all my children both legitimate and illegitimate if one should exist." Riggins acknowledged in the will that he had made "a contract with [Alega] from Wright Samo in the Philippines to be my wife and contract is my free will." The will made no specific provision for Alega as his surviving spouse. On October 31, 1990, Riggins and Alega were married in Wayne County, Kentucky. One child was born of the marriage, Tiffany N. Riggins. James died in Wayne County on October 9, 2002.

After Riggins's death, his son John presented the 1990 will for probate in Casey District Court. This lawsuit was filed by his son-in-law, Tommy David Floyd, the surviving spouse of Jane Arlene Riggins Floyd, who sought to declare the decedent's will invalid and to obtain a proper settlement of the estate.

In an order entered July 6, 2004, the trial court concluded that the decedent's will had been revoked by operation of law in 1990 and that it had never been republished or otherwise revived. The effect of the judgment was to render the decedent intestate. Accordingly, Alega, James's surviving spouse, and Dennis, Jane, John, and Tiffany, his children, were to participate in the estate under Kentucky's laws of descent and distribution. John Riggins appealed.

At the time that James Riggins prepared and executed his will on October 30, 1990, KRS [2] 394.090 provided (with three exceptions not applicable to this case) that upon the marriage of any person, his or her will was revoked automatically:

Every will shall be revoked by the marriage of the person who made the will, except: (1) A will made in exercise of a power of appointment when the estate thereby appointed would not, in default of such appointment, pass to the heir, personal representative, or next of kin of the person who made the will; (2) A will that expressly provides that it is intended that a subsequent marriage shall not revoke the will; (3) A will that expressly provides for the person who later becomes the spouse of the deceased and is married to the testator on the date of death.

This law was amended by the General Assembly in 1998, and at the time of Riggins's death in 2002, the amended version of KRS 394.090 provided that "a will shall not be revoked by the marriage" of the testator.

The question on appeal is whether the provisions of KRS 394.090 as amended in 1998 should be deemed to supersede the 1990 version of the statute and thereby to save James's will from revocation. This is apparently an issue of first impression in the Commonwealth.

The appellant argues that "it is the statute in effect at the time of the death of the testator" that governs. Accordingly, the decedent's will could not have been revoked by operation of law pursuant to the former provisions of KRS 394.090 that applied at the time of the original execution of the will. The appellees contend that the decedent's will was revoked upon his marriage to Alega pursuant to the provisions

2. Kentucky Revised Statutes.

of the former version of KRS 394.090. Therefore, they believe that it could have been revived later only by a method prescribed by the provisions of KRS 394.100, providing as follows:

> A will or codicil, or part thereof, that has been revoked shall be revived only by re-execution or by a codicil executed in the manner required for making a will, and then only to the extent to which an intention to revive is shown thereby.

In addition to studying the arguments presented in this case, we have researched the decisions of other jurisdictions on this issue. We are persuaded that the court ruled correctly. While it is true that a will is an ambulatory instrument and that it speaks as of the time of the testator's death, it may be revoked or declared a nullity by operation of law at any time. As distinguished from the written will, the act of revocation is not ambulatory but becomes effective, final, and complete when or if the contingency contemplated by the legislature occurs. In this case, revocation was not effectuated by burning, tearing, or marking through; but the subsequent marriage of the testator provided the cause of revocation.

The earlier provisions of KRS 394.090 were clear, unambiguous, and time-honored. *See Duvall v. Garrett,* 457 S.W.2d 263 (Ky.1970). Riggins's will was revoked upon his marriage to Alega by operation of law the very day after he executed it. The "[m]arriage had revoked the will as completely as if it had been physically destroyed." *See In re Mitchell's Will,* 285 N.C. 77, 203 S.E.2d 48 (1974). After his marriage, Riggins never attempted to revive the revoked will in any manner. Consequently, at the time of his death on October 9, 2002, Riggins had no will and died intestate. In case of intestacy, the amended provisions of KRS 394.090 had no application whatsoever.

We affirm the judgment of the Casey Circuit Court holding that Riggins's will was revoked by operation of law in 1990 and that he died intestate.

ALL CONCUR.