DIXON, Justice.
The attorney general brought this action by the State of Louisiana to annul the charter of Countdown, Inc. and to enjoin its operation. From adverse judgments dismissing plaintiff’s suit in the district court and the Court of Appeal (State of Louisiana v. Countdown, Inc., La.App., 305 So.2d 634), the State applied for writs to this court, alleging two errors:
“I. It was error to find that the business activity of Countdown is not an activity prohibited to corporations by Louisiana law.
“II. It was error to find that the activity of Countdown is not an off-track betting operation prohibited by Louisiana law.”
The first specification of error is based on the prohibition of C.C. 441:
“A corporation can not be administrator, guardian or testamentary executor, nor fulfill any other office of personal trust. A corporation can not be imprisoned, for its existence being ideal, nobody can arrest or confine it.”
The second specification of error is based on the contention that Countdown, Inc. violates R.S. 4:147 and 149, which prohibit wagering on horse races except by a licensed parimutuel arrangement conducted in the “race meeting grounds” or the “enclosure of the licensee.”
Suit was filed February 11, 1974; trial was on March 15, 1974. The ledger sheet for Countdown introduced in evidence showed operations were conducted on twelve days from November 28, 1973 through January 24, 1974. The gross income totaled $611.00, for which the “messenger fee” was $61.10, derived from an estimated three hundred transactions.
Another exhibit consisted of a collection of forms — an original and two carbon copies in each set. To each set of forms a Fair Grounds betting receipt is stapled. That receipt and the form show the date, the race, the number of the horse and the amount of the bet to win, place or show. The forms were kept for fourteen days; they contained printed “Rules and Regulations” on the reverse side of each sheet.[1]
*926 In the event of a winner, the testimony is that the bettor, on production of the proper receipt, would be given his winning ticket to cash at the track. A bettor who wanted Countdown to retrieve his winnings from the track could sign another form authorizing that transaction. There was only one winner in the course of the operation — an undercover policewoman.
Three police agents testified about the operation of Countdown. There is no dispute about the evidence. The only evidence offered shows that Countdown operated a messenger service only, and did not wager. It took money from customers, transported it to the track, returned with betting tickets obtained at the track, and surrendered the tickets to customers on demand.
Such an operation cannot be characterized as an “office of personal trust” and the courts below were correct in holding C.C. 441 inapplicable.
*927 Nor is there any merit to the State’s contention that Countdown’s operation constitutes betting at an off-track site prohibited by R.S. 4:149 and 171. Countdown did not bet or wager. It accepted money, carried to the track, placed the bet at pari-mutuel windows and returned the betting ticket to its office, to be retrieved by the bettor. It takes two to wager, and until Countdown reached the track with the bettor’s money and bought the ticket at the pari-mutuel window, no bet was made.
For these reasons, the judgments of the Court of Appeal and the district court are affirmed.
SANDERS, C. J., and MARCUS, J., dissent and assign written reasons.
SUMMERS, J., dissents for the reasons assigned by MARCUS, J.

. COUNTOWN, INC.
Countdown, Inc., is a corporation organized and existing by virtue of the laws of the State of Louisiana.
Countdown, Inc., provides agents to place bets or wagers through the parimutuel wagering system on the result of horse races conducted on the grounds of any enclosed race track which is licensed by the Louisiana State Racing Commission to conduct a race meeting or meetings.
Any money paid to Countdown, Inc., does not constitute a bet or wager but only as a grant of authority to Countdown, Inc,, its agents, employees, or servants, to place such money in the parimutuel pool of any enclosed race track which is licensed by the Louisiana State Racing Commission to conduct a race meeting or meetings.
Countdown, Inc., in consideration for providing the messenger service stated above, charges a fee of ten percent (10%) of the amount to be placed in the parimutuel pool of an enclosed race track which is licensed by the Louisiana State Racing Commission to conduct a race meeting or meetings.
(1) The ten percent (10%) messenger service fee shall be collected irrespective of the official result of any horse race or races on which a patron wagers or bets.
(2) Should any such patron win, agents of Countdown, Inc., shall cash in such winning ticket at a cashier’s window on the grounds of any such authorized race track and any such patron shall be paid the full sum of any such winnings in exchange for his receipt; except where Social Security Number is required to cash in such winning ticket, in which event *926 agents of Countdown, Inc., shall deliver such winning ticket to patron in exchange for his receipt.
(3)Should any such patron lose, agents of Countdown, Inc., shall, on demand of any such patron, deliver any and all losing tickets to such patron in exchange for his receipt.
RULES AND REGULATIONS
(1) SCRATCHES.
(A) Any horse which is scratched or declared from any race which is conducted on the grounds of an authorized race track after twelve o’clock (12:00) noon on the day when such horse race or races is scheduled to run shall be deemed a “late scratch.” With respect to a “late scratch,” the messenger service fee of ten percent (10%) of the amount to be placed in the parimutuel pool of any such authorized race track shall be non-refundable; the amount of the wager or bet shall, however, be refunded to any such patron in exchange for his receipt.
(B) Scratch or declaration of a part of an entry, if scratched or declared after twelve o’clock (12 :00) noon on the day when such horse race or races is scheduled to run, shall not revoke the agency of any duly authorized agent, employee, servant, or representative of Countdown, Inc., to place the full amount of the wager or bet on the remaining part of any such entry in the parimutuel pool of an authorized race track.
(2) JOCKEY CHANGES.
No change or transfer of jockey or jockies, if such change or transfer is made after twelve o’clock (12:00) noon on the day when any such horse race or races is scheduled to run, shall revoke the agency of any duly authorized agent, employee, servant or representative of Countdown, Inc., to place the full amount of the wager or bet on the horse selected by the patron.
(3) EQUIPMENT CHANGES.
No change of equipment (e. g., adding blinkers to equipment or discontinuing the use of them, etc.), if such change is made after twelve o’clock (12:00) noon on the day when any such horse race or races is scheduled to run shall revoke the agency of any duly authorized agent, employee, servant, or representative of Countdown, Inc., to place the full amount of the wager or bet on the horse selected by the patron.
(4) WEATHER CHANGES.
No change of weather or change of the condition of the track (e. g., fast, sloppy, good, slow, muddy) shall revoke the agency of any duly authorized agent, employee, servant, or representative of Countdown, Inc., to place the full amount of the wager or bet on the horse selected by the patron.
(5) TIME WITHIN WHICH TO COLLECT WINNINGS AND/OR LOSING TICKETS.
Any patron shall have fourteen days within which to exchange his receipt for either the full amount of his winnings or the losing tickets on the horse or horses which he selected or to claim his refund as provided for in Rule (1) (A) and Rule (6).
(6) DISCLAIMER OP WARRANTY.
For causes over which Countdown, Inc., its agent, employees, servants, or representatives may have no control (e. g., traffic jams, armed robberies, etc.), Countdown, Inc., its agents, employees, servants, or representatives cannot and do not guarantee that the amount to be placed through the parimutuel pool of an authorized race track on the results of horse races conducted on the grounds of any such authorized race track will be placed in the parimutuel pool and in such event the patron shall be entitled to a refund of the total amount of his wager as well as the ten percent (10%) messenger service fee within the time period set out in Rule (5).