**Barbara THOMAS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**COMMONWEALTH of Kentucky, Appellant,**

v.

**Barbara THOMAS, Appellee.**

Court of Appeals of Kentucky.

March 3, 1978.

John Tim McCall, Louisville, for Barbara Thomas.

Robert F. Stephens, Atty. Gen., B. F. Radmacher, III, Asst. Atty. Gen., Frankfort, for the Com.

Before MARTIN, C. J., and GANT and HOGGE, JJ.

HOGGE, Judge.

The consolidated appeals now before this court in this proceeding grow out of efforts to prosecute an employee of Trackside Limited, Barbara Thomas, under KRS 528.110 and City Ordinance No. 47 of the City of Louisville. A motion by the Commonwealth for interlocutory relief from the denial of a temporary injunction against Trackside Limited, Barbara Thomas, and others, is being adjudicated in an opinion by another panel of this court, and that opinion will be rendered this day.

At the times at which Barbara Thomas was charged with the offenses involved in these proceedings, she was carrying on the business of her employer, which consists of serving as an agent for its patrons by placing bets for them at authorized racetracks, within the racetrack enclosure. A service fee of ten percent of the total amount to be wagered is charged, and after the race Trackside Limited collects any winnings due its client. As the fee is based on the amount wagered, and not the winnings, Trackside Limited has no interest in the outcome of the race.

A complaint against Barbara Thomas under KRS 528.110 was dismissed in Louisville Police Court on March 22, 1977, on the grounds that the statute did not apply to the facts of the case. Section 1 of KRS 528.110 reads as follows:

(1) Any person who, either for himself or as agent or employe of another, wagers money or anything of value on a horse race run or about to be run or advertised, posted or reported as being run at any race track in or out of this state, or who engages in the occupation of receiving, making, transmitting or negotiating, either in person or by messenger, telephone or telegraph, wagers on horse races run or about to be run or advertised, posted or reported as being run or about to be run at any race track in or out of the state, shall, except in the case of wagers made within the enclosure of a race track licensed by the state racing commission during an authorized race meeting at that track, or an enclosure during regular meetings in which running, trotting or pacing races are being conducted by associations regularly organized for that purpose, be guilty of a Class A misdemeanor.

The police court judge's decision dismissing was appealed to Jefferson Circuit Court, which dismissed the Commonwealth's appeal. The grounds for dismissal were not indicated. The case of *Commonwealth v. Thomas* is an appeal from that judgment, and it raises the question of the applicability of KRS 528.110 to the acts of Barbara Thomas. On May 2, 1977, the Louisville Board of Aldermen passed City Ordinance No. 47, which states in part:

Section 1. No person, firm, corporation or partnership shall engage in the occupation, either for himself or as agent or employee of another, of receiving or accepting money, requests, messages or wagers from another, outside the enclosure of a race track licensed by the state racing commission of this state or another state, for the purpose of transmitting that money, request, message or wager into such enclosure to make a wager through the regular pari-mutual (sic) betting apparatus on a horse race run or about to be run or advertised, posted or reported as being run or about to be run at any race track in or out of the state.

Section 3. No person, firm, corporation or partnership shall transmit any money, request, message or wager to another for the purpose of their transmitting for payment of any consideration that money, request, message or wager into the enclosure of a race track licensed by the state racing commission of this state or another state to make a wager through the regular pari-mutual (sic) betting apparatus on a horse race run or about to be run or advertised, posted or reported as being run or almost to be run at any race track in or out of the state.

Section 5. Any person, firm, corporation or partnership violating any of the provisions of this ordinance shall be guilty of a misdemeanor and shall be fined not less than fifty dollars ($50.00)

nor more than one hundred dollars ($100.00) or imprisoned for not more than 50 days, or both such fine and imprisonment, for each offense.

On May 23, 1977, Barbara Thomas was found guilty of violation of Ordinance No. 47 in Louisville Police Court and was fined. The Jefferson Circuit Court affirmed the conviction. The appeal in *Thomas v. Commonwealth* followed, raising four issues related to the constitutionality of City Ordinance No. 47, and its validity under the Home Rule Act.

We will first take up the issue of the applicability of KRS 528.110 to the conduct of Barbara Thomas. We agree with the Commonwealth that Barbara Thomas comes within the definition of a person who "as agent . . . of another, wagers money . . . on a horse race . . . or who engages in the occupation of . . transmitting . . . wagers on horse races . . . ." The basic question which we must decide is whether the actions of Trackside Limited come within the exception created by KRS 528.110 for wagers made within the confines of an authorized racetrack. In order to decide this, we must determine at what point a wager is made: when the bet is placed at the pari-mutuel window, or when the money to be wagered is given to the representative of a messenger betting service.

The Supreme Court of Louisiana faced this same issue when interpreting a Louisiana pari-mutuel betting statute very similar to our own. Their opinion, holding that the activities of the messenger service, Countdown, Inc., did not constitute illegal off-track betting, contained the following reasoning:

> Countdown did not bet or wager. It accepted money, carried to the track, placed the bet at pari-mutuel windows and returned the betting ticket to its office, to be retrieved by the bettor. It takes two to wager, and until Countdown reached the track with the bettor's money and bought the ticket at the pari-mutuel window, no bet was made. *State v. Countdown*, 319 So.2d 924, 927 (La.1975).

We hold that where a messenger betting service, operating outside racetrack premises, accepts money to be wagered for a messenger fee based on the amount bet, and places the wager at a pari-mutuel window in an authorized racetrack enclosure, the wager is made at the track and the transaction is exempt from the prohibitions of KRS 528.110, by virtue of the exception contained therein. The legislature may have intended to make the operation of messenger betting services illegal, but it failed to accomplish this in drafting the statute. The language of KRS 528.110 quite clearly places conduct such as that of Barbara Thomas within the exception created by the statute. Where there is no ambiguity in a law, there is no occasion for this Court to look beyond the words of the statute itself to attempt to ascertain legislative intent. *Duvall v. Garrett*, Ky., 457 S.W.2d 263 (1970); *Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247 (1962).

Having determined that the trial court acted properly in dismissing the complaint against Barbara Thomas under KRS 528.110, we now turn to the prosecution under the city ordinance. Barbara Thomas alleges that City Ordinance No. 47 violates the Home Rule Act, in view of the fact that under KRS 83.420(1) Louisville did not have the power to pass an ordinance in conflict with the Constitution or laws of Kentucky. It is argued that City Ordinance No. 47 is in conflict with KRS 528.110, because City Ordinance No. 47 makes it illegal to conduct a messenger service designed to convey patrons' wagers to pari-mutuel windows in authorized race track enclosures, while KRS 528.110 exempts the same conduct from criminal penalty. In view of our decision in *Commonwealth v. Thomas*, CA–1814–MR, we are compelled to agree with this contention. We hold that Ordinance No. 47 of the City of Louisville is invalid under KRS 83.-420(1) and in view of our conclusion on this issue, it will be unnecessary for us to reach the other issues raised in this appeal.

The judgment in *Commonwealth v. Barbara Thomas*, CA–1814–MR, is affirmed.

The judgment in *Barbara Thomas v. Commonwealth*, CA–1699–MR is reversed, and the case is remanded to the Jefferson Circuit Court with directions to dismiss the charges against the appellant.

All concur.